ATLANTIC COAST LINE RAILROAD CO. v. MRS. FANNIE RICHARDSON.

157 So. 17.

Opinion Filed October 15, 1934.

*Kelly & Shaw,* for Plaintiff in Error;

*W. G. Ramseur, J. Carl Lambdin, B. K. Roberts* and *A. L. Porter,* for Defendant in Error.

PER CURIAM.—A writ of error in this case brought up for consideration certain charges of the court that were given to the jury on the basis of Sections 7051-7052, C. G. L., 4964-4965 R. G. S., creating a presumption of negligence against railroad companies in case of damage to persons, stock, or other property by running of locomotives or cars and for damage done by any person in the employ or service of such company. It was argued on behalf of the plaintiff in error that in view of the decision of the United States Supreme Court in Western & Atlantic R. Co. v. Henderson, 279 U. S. 639, 49 Sou. Ct. Rep. 445, 73 L. Ed. 884, the Florida statute must now be held to be in violation of the due process and equal protection clauses of the 14th amendment to the United States Constitution. The statute had been upheld as valid by this Court and applied in the following cases: Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 Sou. Rep. 318; Seaboard Air Line Ry. Co. v. Thompson, 57 Fla. 155, 48 Sou Rep. 750; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 Sou. Rep. 303; Payne v. McKinnon, 81 Fla. 583, 88 Sou. Rep. 495; Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 Sou. Rep. 193; Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 Sou. Rep. 842; Morris v. Florida Cent. & P. R. Co. 43 Fla. 10,

29 Sou. Rep. 541; Louisville & N. R. Co. v. Rhoda, 73 Fla. 12, 74 Sou. Rep. 19; Seaboard Air Line Ry. Co. v. Moseley, 60 Fla. 186, 53 Sou. Rep. 718; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 Sou. Rep. 1; Atlantic Coast Line R. Co. v. Watkins, 97 Fla. 350, 121 Sou. Rep. 95 Florida R. Co. v. Dorsey, 59 Fla. 260, 52 Sou. Rep. 963; Atlantic Coast Line Ry. Co. v. Hamlett, 81 Fla. 872, 89 Sou. Rep. 337; Williams v. Hines, 80 Fla. 690, 86 Sou. Rep. 695; Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 Sou. 741. The Florida statute was attacked as unconstitutional but upheld by the United States Circuit Court of Appeals for this jurisdiction in the case of Kirch v. Atlantic Coast Line R. Co., 38 Fed. (2nd) 963, wherein Bryan, United States Circuit Judge, speaking for that Court, said:

"It is argued that Section 7051, which undertakes to create the presumption of negligence as against railroad companies upon proof of injury, violates the due process and equal protection clauses of the Fourteenth Amendment; and it is pointed out that an exactly similar statute of the State of Georgia has been held to be unconstitutional by the Supreme Court in Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 447, 73 L. Ed. 884. There is no doubt that the Florida statute was copied from the Georgia statute; but the Florida Supreme Court has given to it a construction that is different from the construction which the Supreme Court held in the Henderson case has been given by the Supreme Court of Georgia. In the just cited case it was said that the statute as construed by the Georgia decisions 'creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate.' The uniform construction of the statute by the Supreme Court of Florida is that it merely creates a pre-

sumption that disappears and comes to an end upon the submission of proof by a railroad company that its agents have exercised ordinary and reasonable care. Atlantic Coast Line Ry. Co. v. Crosby, 53 Fla. 400, 43 So. 318; Seaboard Air Line Ry. Co. v. Thompson, 57 Fla. 155, 48 So. 750; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Payne v. McKinnon, 81 Fla. 583, 88 So. 495; Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193; Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842. That statute as so construed has the same meaning as the Mississippi statute, which makes proof of injury in like cases *prima facie* evidence of the acts of negligence alleged in the declaration. The Mississippi statute was upheld by the Supreme Court in Mobile, etc., R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912-A, 463. The construction which a state, through its highest court, places upon its own statute is binding upon us. Minnesota Iron Co. v. Kline, 199 U. S. 593, 26 S. Ct. 159, 50 L. E. 322; Mobile, etc., R. Co. v. Turnipseed *supra;* W. & A. R. Co. v. Henderson, *supra.* We are therefore of opinion that Section 7051 of the Compiled Statutes of Florida does not violate the Fourteenth Amendment to the Constitution of the United States. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion."

When this case was orally argued before this Court on March 17, 1933, the Court was advised that the question of unconstitutionality of the Florida statute was being presented to the Supreme Court of the United States in the cases of Stringfellow v. Atlantic Coast Line R. Co., 64 Fed. (2nd) 173, certiorari to Supreme Court of United States granted in 290 U. S. 608. Because of the pendency of the question involved here before the Supreme Court of the

United States in the case just cited, decision in this case has been withheld until the appeal to the United States Supreme Court could be disposed of.

The case so taken to the United States Supreme Court has not been decided and such court has recognized and applied the Florida statute to a case like this one, saying:

"The applicable rules are not those of the common law (as to which compare Miller v. Union Pacific Railroad Co., 290 U. S. 227, 54 S. Ct. 172, 78 L. Ed. 285, decided this day), but are declared by the Compiled General Laws of Florida, which are:

" '7051. A railroad company shall be liable for any damage done to persons, live stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

" '7052. No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him.' "

See Stringfellow v. A. C. L. R. Co., 290 U. S. 322, 54 Sup. Ct. Rep. 175, 176 L. Ed. 339.

In view of the fact that this Court has consistently applied Sections 7051, 7052, C. G. L., for a number of years and the statute has been upheld as constitutional in the United States Circuit Court of Appeals for this Circuit, and not decided to be unconstitutional but held applicable

by the Supreme Court of the United States in its most recent declaration involving a consideration of said statute, a majority of this Court must now decline to disturb the long settled line of cases hereinbefore cited by refusing to declare unconstitutional a statute so long regarded as valid.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—Defendant in error recovered judgment against plaintiff in error for injury alleged to have been received by her by reason of a train operated by the plaintiff in error coming into collision with an automobile in which she was riding.

The first assignment of error assigns the charge of the court in the following language:

"The Court further instructs you that the burden of proving the injury is on the plaintiff and the burden of showing absence of negligence is on the defendant. A railroad company would be liable for any damage done to any person by the running of its locomotives or cars unless the company should make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. When it is shown that the injury of the plaintiff was caused by the operation of the train of the defendant company, the burden is upon the company to show that it exercised all ordinary and reasonable care and diligence to avoid the injury. Upon proof by a preponderance of the evidence of the injury complained of in the declaration, the defendant is liable for whatever damage is alleged and proven by such preponderance of the evidence to have been done by defendant to plaintiff, unless the defendant proves by a prepon-

derance of the evidence that its agents exercised all or-linary and reasonable care and diligence; the presumption being against the defendant.

"What will constitute ordinary and reasonable diligence must necessarily vary under different circumstances.

"It cannot be measured or ascertained by a fixed and in-flexible standard, because the words 'ordinary' and 'reas-onable' are themselves relative terms, and what under some conditions would be ordinary and reasonable diligence might under other conditions amount to even gross negligence.

"In this connection the word 'ordinary' is not used in its narrowest and most confined sense, but is intended to re-quire of the defendant all of the care and diligence ordi-narily due from it, under like circumstances, exigencies, and conditions, in like cases, strictly commensurate with the demands and exigencies of the occasion, and by the re-lationship that the defendant bears at the time to the party in question."

The objection to that charge is the language contained in the first paragraph thereof. It is contended that this charge was prejudicial to the defendant and that it was erroneous because of a misconstruction of the provisions of Section 4964 R. G. S., 7051 C. G. L.

The latter part of the above quoted charge appears to have been taken verbatim from a charge approved by this Court in the case of S. A. L. Ry., v. Mosely, 60 Fla. 186, 53 Sou. 718, and which has been substantially followed in a number of cases since that time. We find that we must now mod-ify what may have heretofore been our construction of the statute here involved.

It is the duty of the courts to so construe statutes as to hold them constitutional and valid if such a construction may reasonably and logically be placed upon the language

of the statute. Since the opinions above referred to were promulgated by this Court the Supreme Court of the United States rendered its opinion in Western & Atl. R. R. v. Mrs. Mary E. Henderson, *et al.,* 49 Sup. Ct. Rep. 445, 279 U. S. 639, 73 Law Ed. 884, wherein the court referring to the like statute obtaining in the State of Georgia, said:

"A state statute (Ga. Civ. Code, No. 2780) declaring that a railroad company shall be liable for damages to person or property by the running of its trains, 'unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company,' which is construed by the courts of the state as permitting the presumption of negligence thereby created to be given the effect of evidence, to be weighed against opposing testimony, and to prevail unless such testimony is found by the jury to preponderate, is violative of the due process clause of the 14th Amendment."

In that opinion it is also stated by the writer:

"Legislation declaring that proof of one fact or group of facts shall constitute *prima facie* evidence of an ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be inferred. A *prima facie* presumption casts upon the person against whom it is applied the duty of going forward with his evidence on the particular point to which the presumption relates. A statute creating a presumption that is arbitrary or that operates to deny a fair opportunity to repel it violates the due process clause of the 14th Amendment. Legislative fiat may not take the place of fact in the judicial determination of issues involving life, liberty or property. Manley v. Georgia, 279 U. S. 1, ante 575, 49 Sup. Ct. Rep. 215, and cases cited."

. While we have heretofore held in accordance with the charge complained of in this case, we recognize that the statute is susceptible of another construction and unless we now give it that other construction we must, in the face of the above cited opinion of the Supreme Court of the United States, hold the statute to be entirely invalid because of its conflict with the 14th Amendment to the Federal Constitution.

The statute is susceptible of the construction that when one is injured by the running of locomotive or cars, or other machinery, of a railroad company and seeks to recover damage for such injury such person is only required under a declaration alleging the injury to have occurred by reason of the negligent running or operating of the locomotive or cars or other machinery of such company, to prove the injury as alleged in the declaration and, thereupon the burden temporarily in all cases rests upon the railroad company to show by some evidence that no act of negligence, either of omission or commission, was done by its employees in the running of such instrumentality and that unless the railroad company does offer such evidence it is presumed to be guilty of negligence and a *prima facie* case is thereby made upon which the plaintiff may recover. But, this *prima facie* fight to recover may be overcome by the railroad company offering some testimony to show that *no* act of negligence, either of omission or commission, was done by its employees in the running of the instrumentality complained of, and when the railroad company has produced such evidence there no longer exists any presumption against it. Thereupon that part of the statute which creates the *prima facie* case against the railroad company becomes inoperative and inapplicable further in that case. The burden is then upon the plaintiff to show by a prepon-

derance of evidence the negligence complained of and the plaintiff can only recover on the production of a preponderance of evidence to sustain the charge of the negligence. The original so-called statutory presumption in cases where the defendant has offered evidence as above suggested has no place for consideration by the jury and is entirely eliminated from the case from thenceforth.

We should adopt this construction.

When in such a case the trial court charges the jury that any presumption of law exists against the defendant it is a charge as to law which does not obtain in that case and is, therefore, erroneous.

Whether a charge of this character is harmful or constitutes only harmless error is one which may be determined from the facts in each case and if it appears from all the evidence in the case that a charge so given could have worked no hardship on the defendant, it may be held harmless error.

In the instant case the charge given at the request of the defendant, which is quoted in the majority opinion, was sufficient to clarify the confusion and misconception of the law which might have been created by the giving of the charge above referred to and complained of. Therefore, finding no other reversible error disclosed by the record, I concur in the order of affirmance.

ELLIS, J., concurs.