Two writs of error are here consolidated. The first is to a final judgment against Atlantic Coast Line Railroad Company in favor of Henry S. Voss for personal injuries alleged to have been received in a collision between a passenger train of plaintiff in error and an automobile in which Voss was riding at the time. The second is to a final judgment against Atlantic Coast Line Railroad Company in favor of the Redemptorists, a Corporation, for damages to the automobile in which Voss was riding at the time of the collision in which he (Voss) is alleged to have been injured.
The first assignment of error is predicated on the giving of the following charge to the jury: *Page 34 
"Under the law of the State of Florida it is provided that a railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company * * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. If therefore, you find it has been established by the evidence that the collision in this case was caused by the running of the cars of the defendant company, the burden of proof is on the plaintiffs to show by a fair preponderance of the evidence only their injuries. The statute raises a presumption that the injury was caused by the negligence of the defendant railroad and the burden is on the defendant to prove by a fair preponderance of the evidence that it was not guilty of negligence in the manner of the operation of its train."
The giving of this charge so plaintiff in error contends was erroneous because it placed an unlawful interpretation on Section 7051, Compiled General Laws of 1927, which is as follows:
"A railroad company shall be liable for any damage done to persons, stock, or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."
Plaintiff in error relies on Western Atlantic Railroad Company v. Henderson, 279 U.S. 639, 49 Sup. Ct. 445, 73 Law Ed. 884, and Atlantic Coast Line Railroad Company v. Richardson, 117 Fla. 10,157 So. 17, and like cases to support this contention.
It cannot be questioned that the Georgia statute held bad *Page 35 
in Western Atlantic Railroad Company v. Henderson is in words and phrasing identical with the Florida statute now in question. Examination of the cases last cited discloses that the validity of statutes of this kind must depend on the interpretation given them. The Georgia statute was stricken down in the Henderson case, supra, because the Supreme Court of that State held it to create an inference with the effect of evidence which could be weighed against opposing evidence and that it should prevail unless such opposing testimony is found by the jury to predominate.
The Florida statute here quoted has been before this Court repeatedly and has each time been upheld but we have never given it any such interpretation as was given the Georgia statute by the Supreme Court of that State which the Supreme Court of the United States held to be in violation of the due process clause of the Fourteenth Amendment in the Henderson Case. The Florida statute was also upheld by the United States Circuit Court of Appeals in Kirch v. Atlantic Coast Line Railroad Company,38 Fed. 2d 963. It has in effect been upheld by the Supreme Court of the United States in Stringfellow v. Atlantic Coast Line Railroad Company, 290 U.S. 608, 54 Sup. Ct. 50, 52, 78 Law Ed. 532, and in the Henderson case, supra.
The mere fact of creating a presumption of liability does not render the Florida statute bad. It is only when that presumption is permitted to supplant and take the place of evidence that it will be held invalid. In other words, if there is a complete absence of material evidence to contradict a showing of negligence on the part of the railroad company, the statute will, then supply or create a presumption of liability but if any material evidence is offered, by the railroad company tending to show the exercise of ordinary and *Page 36 
reasonable care and diligence on its part, the presumption vanishes.
In a controverted issue such as is presented here when the plaintiff puts on his evidence to support his charge of negligence and forthwith the defendant responds with evidence showing that it exercised ordinary and reasonable care and diligence, the presumption is out of the picture and is as if it were never in the statute. If there are conflicts in the evidence, it becomes the duty of the jury to reconcile them and reach a verdict without any reference whatever to the presumption created by the statute. Any suggestion to the jury that it then exists is prejudicial.
The evidence in this case was in conflict, the issues were spiritedly contested and while some evidence if taken alone may be construed as supporting negligence, other evidence may be construed as supporting due care and diligence. In this situation, it was prejudicial to charge the jury that the statute raised a presumption always that the injury was caused by defendant's negligence. Taken alone such a charge will be adjudged reversible error.
Some of the other charges were also prejudicial though as abstract propositions of law, they were not bad. We do not deem a treatment of them essential in this case. We have examined the record and find uncontradicted evidence of negligence on the part of the defendant and have reached the conclusion that such errors as were committed may be cured by remittitur. The judgment and verdict in favor of the Redemptorists was for $500, that in favor of Voss was for $1500. We think the former judgment should be permitted to stand but as to the latter, we think a remittitur
should be entered in the sum of $700.
The judgment below is accordingly affirmed as to the Redemptorists. As to Voss, it is affirmed on condition of a *Page 37 remittitur in the sum of $700; otherwise it will be reversed for a new trial.
Affirmed on condition of remittitur.
WHITFIELD, BUFORD and CHAPMAN, J.J., concur.
BROWN, J., dissents in part.
THOMAS, J., not participating, as this case was argued and submitted before he became a member of the Court.