SCOTT M. LOFTIN and EDWARD W. LANE, as Trustees of the Florida East Coast Railway Company, v. VERNON E. SKELTON.

12 So. (2nd) 175                          January Term, 1943
March 2, 1943                                     Division A

*Russel L. Frink, Robert H. Anderson* and *John H. Wahl, Jr.,* for appellants.

*Roach & Hoyl,* for appellee.

ADAMS, J.:

Plaintiff brought three suits against the Railway Company for the wrongful death of his wife and two infant children. They were consolidated for trial. Verdicts were returned for $10,000 for the wife and $5,000 for each child. The trial court ordered a remittitur of $5,000 on the verdict for the wife and entered judgment in each case for $5,000.

It is urged that the negligence of the driver in going upon the track was the sole proximate cause of the collision and no recovery should be allowed. In support of this contention

it is shown that the wife drove the car on the railroad track in front of the approaching train; that the train was in full view; that the speed of the car was so slow that she might have stopped easily before going upon the track.

There is also testimony that the train was approaching at a high rate of speed (perhaps 70 miles per hour) and no warning was given for the crossing until too late to serve its purpose. Under this testimony the question of liability was one for the jury under appropriate instructions.

It is urged that the court erred by giving the following charge:

"The Court charges you when damage is done to a person by a railroad company by the running of its locomotive or cars or other machinery, or when the damage is done by any person in the employ and service of such company, the company is liable for such damage unless the company shall make it appear that its agents exercised all ordinary and reasonable care and diligence; the presumption in cases being against the company."

In that the presumption is raised to the dignity of evidence. The jury, in effect, was told to consider the presumption against the defendant along with the evidence in the case. This statute has been before this Court many times. See A.C.L. R.R. Co. v. Voss; A.C.L. RR. Co. v. Redemptorists, 136 Fla. 32, 186 So. 199; A.C.L. Railroad Co. v. Richardson, 117 Fla. 10, 157 So. 17; S.A.L. Ry. Co. v. Myrick, 91 Fla. 919, 109 So. 193; Seaboard Air Line R. Co. v. Thompson, 57 Fla. 155, 48 So. 750; Atlantic Coast Line Railroad Co. v. Webb, 112 Fla. 449, 150 So. 741; Western Atlantic Railroad Company v. Henderson, 279 U.S. 639, 49 Sup. Ct. 445, 73 Law Ed. 884. In A.C.L. v. Voss, supra, it was held that where the evidence is conflicting, as here, it is error to make any reference whatever to the presumption. That case was disposed of without a reversal, but we do not feel that this case can be handled satisfactorily in that manner.

We have not overlooked the trial judge's opinion that the error was harmless under the facts of this case. As we view the evidence in this case the charge, in all probability, influenced the jury's verdict.

Appellant also assigns as error the refusal to give the following charge:

"The court charges you that your verdict must be based solely and exclusively on the evidence in the case; that you cannot be governed by passion, prejudice, sympathy, or any motive whatever except a fair and impartial consideration of the evidence, and that you must not, under any circumstances, allow any sympathy which you might have or entertain for the plaintiff to influence you in any degree whatsoever in arriving at your verdict. The court does not charge you not to sympathize with the plaintiff, because it is only natural and human to sympathize with persons who have sustained loss, affliction or misfortune, but the court does charge you not to allow that sympathy to enter into your consideration of the case, or to influence your verdict."

We are of the opinion that this charge should have been given. It might not be reversible error, however since the judgment is to be reversed we are passing upon it. Appellee's loss was so great that it was only natural for him to have the sympathy of all who came in contact with the case. Nevertheless the issues were to be determined solely upon the evidence. The general charge of the court did not instruct the jury to try the case solely upon the evidence and the charge of the court. While it is largely discretionary to admonish against being swayed by sympathy, yet we feel that in fairness to defendant the charge should have been given.

The judgment is reversed for a new trial. ·

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.