**L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers for the Seaboard Air Line Railway, v. AMERICAN SUMATRA TOBACCO COMPANY and O. L. SMITH.**

17 So. (2nd) 391                                    January Term, 1944
March 3, 1944                                       En Banc
Rehearing Denied April 18, 1944

228

*Ausley, Collins & Ausley,* for appellants.
*Caldwell & Parker* and *Leo L. Foster,* for appellees.

ADAMS, J.:

A judgment was recovered against appellants for the negligent operation of a train which resulted in the killing of appellees' cows.

We are asked to reverse the judgment because the trial judge charged the jury that there was a statutory (Sec. 768.05, F.S.A. '41) presumption of fact against the railroad where the damage was shown to have been inflicted by the operation of the train. Appellants rely on our opinion in A.C.L. R.R. Co. v. Voss; A.C.L. RR. Co. v. Redemptorists, 136 Fla. 32, 186 So. 199, and Loftin, et al., v. Skelton, 152 Fla. 437, 12 So. (2nd) 175.

Appellees recognize our holding in these cases but insist that the judgment should be affirmed notwithstanding these cases because the error was harmless and also that under the facts of this case the giving of the charge was proper.

We cannot agree that the erroneous charge was harmless error. Both parties had a right to have the issue submitted to the jury under proper instructions. We have heretofore said in the above cited opinions that the giving of the charge was calculated to improperly influence the jury. In fact, this same argument was rejected in the above cited cases. We can only reiterate what we have heretofore said and now hold that this case is ruled by the above cited cases.

Turning now to the suggestion that the facts of this case rendered the charge proper. The basis for this claim is that, while the appellants did go forward with the evidence, in so doing it was made to appear that the train crew was in fact negligent and for that reason the presumption did not vanish. As to whether such a showing was made we make no commitment inasmuch as this judgment is to be reversed for another trial.

The purpose of every trial is to ascertain the truth. The reason for statutes of this character is to burden the party of revealing the truth who is most nearly in position to know the facts. A train is a large and complex vehicle. Naturally its crew members are in better position to know what, if anything, is wrong when an accident occurs. For that reason the Legislature saw fit to require in such cases that they go forward with the evidence and show that they had exercised all ordinary and reasonable care and diligence in operating the train. When the railroad goes forward with the evidence and makes the required showing the presumption vanishes regardless of whether they make a case against themselves, for in that event the purpose of the statute has been fulfilled; the facts have been elicited and plaintiff can fairly make his claim to the jury thereon.

For the above reasons the judgment is reversed for a new trial.

Reversed.

TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

BUFORD, C. J., and CHAPMAN, JJ., dissent.

CHAPMAN, J., dissenting:

Plaintiffs below (appellee here) recovered in the Circuit Court of Leon County, Florida a joint judgment in the total sum of $1016.46 against the Receivers of the Seaboard Air Line Railroad Company. The basis of the judgment is the total value of two head of Jersey milk cows and six head of young Hereford cows killed by the railroad company in the operation of its freight train on November 4, 1942, between mile posts 69 and 70 on the line between Tallahassee, Florida, and Bainbridge, Georgia.

The trial court submitted to a jury the issues made by a single count declaration charging negligence in the operation of its freight train at the time and place of killing the cattle and a plea of not guilty and a second plea specially denying that at the time and place (stated in the declaration) the railroad company operated its train in the fenced field of one of the plaintiffs.

Counsel for appellants post for adjudication here two questions, while the appellees, by cross assignment permitted under the rule, seek an adjudication of three questions which it is contended emerge out of the controversy and are calculated to increase appellees' amount of recovery, provided the contention of counsel is sustained or allowed.

Appellants questions may be stated, consolidated, and, ruled upon under a single assignment. They are viz: (1) Was the verdict and judgment contrary to the legal effect of the evidence? (2) When, in an action against a railroad company for damages done to stock by the running of its train, the defendant company offers material evidence that it exercised ordinary and reasonable care and diligence, is it prejudicial error for the trial court to charge the jury regarding the presumption of negligence statute (Section 768.05, Fla. Stat. 1941) even if the references to such statute are correctly stated as an abstract proposition of law?

Pursuant to the several provisions of Section 768.05, Fla. Stat. 1941, the trial court charged the jury viz:

". . . Where, in appropriate proceedings, gentlemen, there is damage done to persons or property by the running of a railroad train or cars, and such is shown by competent evidence, a statutory presumption of fact arises that the servants or agents of the railroad were negligent in operating the train, and the railroad has the burden of proving that its agents exercised all ordinary and reasonable care and diligence in operating the train, which was allegedly negligently operated when the injury occurred.

"Where in an appropriate proceeding plaintiffs show by competent evidence that damage has been done to property or to stock by the operation of a train, the burden shifts to the railroad to make it appear that the railroad employees have exercised all ordinary and reasonable care and diligence in operating the train which is alleged to have been negligently operated when the damage occurred, but when the railroad introduces substantial evidence to this effect, that presumption of fact vanishes and disappears.

"This statutory presumption of negligence against the railroad does not change the substantive law, it is merely

a procedural presumption. The statutory presumption of fact, gentlemen, that the railroad employees negligently operated a train, arising upon proof of damage to personal property by the operation of the train, is not evidence and disappears when the railroad adduces substantial evidence that the employees were not negligent. This statute relative to the railroad's liability for damages caused by its operation only applies if there is a complete absence of material evidence to contradict the railroad's negligence, but, if any material evidence is offered by the railroad tending to show reasonable care the presumption vanishes."

It is contended by counsel for the appellants that the charges *supra,* as given by the trial court, were not justified by the facts adduced, during the progress of the trial, but were erroneous and prejudicial, and to sustain the contention emphasis is placed on our recent holdings in Atlantic Coast Line Ry. v. Voss and Atlantic Coast Line Ry. Co. v. Redemptorists, 136 Fla. 32, 196 So. 199; Loftin v. Skelton, 152 Fla. 437, 12 So. (2nd) 175, while other cases involving the statute are cited.

We quote, in part, from brief of counsel for appellant:

"This concluded the testimony and evidence offered by the defendants. We submit that by virtue thereof it was established that the servants of the defendants, in the operation of the train at the time and place stated, exercised all ordinary and reasonable care and diligence. The train was proceeding at a reasonable rate of speed. Because of the physical condition of the right-of-way it was impossible for the cattle to have been seen by those operating the train, until the train was within a short distance of them. As soon as the cattle were seen everything possible was done to avoid the collision."

"We have no quarrel with the correctness of the charge as an abstract proposition of law, but we earnestly contend that it had no place here and that it was prejudicial to the rights of the defendants."

"This statute is precedural only and is not substantive. It had a definite place in this suit up to a certain point. When the plaintiffs in putting on their case, failed to prove any

negligence of the defendants, it was this statute which placed the burden on the defendants to affirmatively show by some material evidence that they acted with all ordinary and reasonable care and diligence. But when the defendants met this burden, and offered such evidence (and certainly it cannot be argued that they did not), this statute had no more place in this suit than if it had never been enacted."

What is and what is not negligence in a particular case is generally a question of fact to be settled by a jury under appropriate legal instructions by the trial court. See Weis-Patterson Lbr. Co. v. King, 131 Fla. 342, 177 So. 313. Negligence is always a jury question to be determined from the facts and circumstances of the case. See Orr v. Avon Florida Citrus Corp., 130 Fla. 306, 177 So. 612. Negligence is a jury question if the same can reasonably be established by direct or circumstantial evidence adduced or reasonable inferences deductible therefrom. See Jones v. Stoddard, 138 Fla. 458, 189 So. 400.

Counsel for appellants admit that two Jersey milk cows and six young Hereford cows were killed by the freight train of the Seaboard on November 4, 1942, between mile posts 69 and 70 on its line running from Tallahassee to Bainbridge. The ownership of the cattle and market value thereof were not challenged in the lower court or here. Counsel contends that the testimony adduced by the plaintiffs during the progress of the trial in the support of the allegations of negligence appearing in the declaration failed to show that the defendant's train was "carelessly and negligently, without due precaution and regard for property of others . . . did operate its said train." That the defendant established that the train was operated at the time and place with due care and caution and was free from negligence and that a verdict and judgment should have been entered for the defendant.

The verdict and judgment of the lower court necessarily must rest on established facts adduced at the trial now appearing in the record. We observe: (1) that approximately 43 head of cattle were on pasture in the field for a period of a month or more prior to November 4, 1942; (2) the engineer and firemen running on the train schedules knew or should

have known that the cattle were on pasture in this field; (3) a peak in the elevation in the grade of the track was reached at or near where the cattle were killed and this was known to the engineer, fireman and brakeman; (4) the elevation was reduced some by a cut or excavation prepared for the roadbed; (5) a sharp curve existed in the track at or near the place where the cattle were killed; (6) the left-hand curve enabled a person on the fireman's side of the engine to see farther down the track than the engineer; (7) the narrow engine window through which the engineer observed the track at the place where the cattle were killed restricted his vision when making the left-hand curve; (8) the cattle were seen first by a person on the fireman's side of the engine and relayed to the engineer; (9) when first seen they were 100 to 150 feet down the track; (10) brakes were in good condition and immediately applied, but the train failed to stop prior to striking the cattle; (11) the train consisted of 6 or 8 empty cars and an extra engine; (12) it was not clear that the brakes were applied to the extra engine or that it had a head of steam; (13) those operating the train testified that it was traveling about 25 miles per hour when plunging into the cattle.

The facts adduced by the plaintiff below to sustain the charge of negligence as alleged in the declaration were sharply disputed by the testimony offered by the defendant below. The circumstances surrounding the killing of the cattle, the reasonable and lawful inferences arising therefrom, present purely disputes and conflicts for a jury under our judicial system. If the writer of this opinion had been on the jury, it is possible or quite likely that he would have contended for a verdict different from that rendered. The facts involved in Atlantic Coast Line Ry. Co. v. Voss and Loftin v. Skelton, *supra,* are each easily distinguishable from the case at bar.

Counsel for appellees in their reply brief specifically abandon questions identified as 3 and 4 raised by cross assignment under the rule. We have duly considered question 5 of the appellees and find it without merit.

BUFORD, C. J., concurs specially.

TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., dissent.

BUFORD, C. J., concurring specially with Justice CHAPMAN:

I concur in what is said by Mr. Justice CHAPMAN in the opinion prepared by him in this cause for the reason that I do not think the conclusion reached by him is in conflict with our holding in the cases of Atlantic Coast Line Railroad Company v. Voss and other like holdings cited by Mr. Justice CHAPMAN, because of the fact that while the appellant put on testimony in the trial, it failed to introduce any substantial evidence showing that it, the defendant in the court below, was not guilty of negligence, but, on the contrary, the evidence put on by the defendant showed that the defendant was guilty of negligence at the time, place and under the circumstances of the wrongful act complained of. Therefore, in the instant case the presumption flowing from Sec. 768.05 F.S. 1941 (same S.F.A.) was not eliminated by the introduction of defendant's evidence but was affirmatively supported, and the charge was without error.

The judgment should be affirmed.

CHAPMAN, J. ,concurs.

TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., dissent.