74 So.2d 551 (1954)
LEONETTI
v.
BOONE.
Supreme Court of Florida. Special Division B.
August 31, 1954.
Arthur James Sims, Stuart, and Mizell & Carmichael, West Palm Beach, for appellant.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellee.
SEBRING, Justice.
The appeal is from an order granting a new trial in favor of the defendant in a personal injury action.
Peter Anthony Leonetti, as plaintiff below, sued C.A. Boone to recover damages resulting from the alleged negligent operation of a motor truck owned by Boone, which was at the time of a collision with plaintiff's car being operated "through [Boone's] certain agent and employee, one Ollie Haynes." In his answer to the complaint the defendant Boone denied that the said Haynes was the agent or employee of the defendant or was operating the motor truck with defendant's knowledge and consent, either express or implied; or was operating the vehicle in any way connected with the business or interest of the defendant.
The parties went to trial on the issue of negligence vel non, and on the issue which we have stated above. At the trial all of the evidence was to the effect that the driver of the defendant's truck was not the agent *552 or servant of the employer; and that the truck was not being driven with the defendant's knowledge or consent, either express or implied. Moreover, there was no evidence introduced at the trial to support the theory of entrustment of the vehicle to the driver.
After the evidence was in the trial court charged the jury, among other things, as follows:
"* * * I have told you that the defendant or the owner of the automobile must overcome the presumption that one driving his automobile is driving with his consent, must overcome that presumption by proving by a preponderance of the evidence that the driver did not have the consent of the owner, either express or implied; that burden is upon the defendant. * * *"
The verdict by the jury was in favor of the plaintiff. Subsequently, on motion of the defendant, the trial court granted a new trial, stating in his order:
"The conclusion is inescapable that grievous error was committed in giving the charge complained of. * * *
"The presumption that one driving the motor vehicle of another is in possession with the owner's consent has been made a statutory presumption in Florida. It remains in the case only until defendant has offered testimony to rebut it. The presumption then disappears and the burden of proving the driver's rightful possession of the motor vehicle is cast upon the plaintiff, just as if the presumption had never existed. The charge referred to * * * was contrary to that rule of law. Thereupon, it is ordered and adjudged that defendant's motion for new trial is granted."
The sole question on the appeal is in respect to the propriety of the order granting the new trial.
We find no error in the order appealed from. The presumption to which the trial court referred in its charge derives from section 51.12, Florida Statutes 1951, F.S.A., which provides:
"In any action brought by a person for damages claimed to have been sustained by reason of the negligent operation of a motor vehicle by a person other than the owner thereof * * * the plaintiff therein, with respect to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in any such special plea or pleas." (Emphasis supplied.)
The general rule in respect to the effect of a presumption such as is here involved may be stated as follows:
"A presumption of law which arises upon the pleading or during the course of the trial after the introduction of evidence may aid a party in the discharge of the burden of proof cast upon him and shift to his adversary the burden of explanation or of going on with the case, but does not, as a general rule, shift the burden of proof; a presumption simply changes the order of proof to the extent that one upon whom it bears must meet or explain it away, and when such an explanation is made, the duty is upon the plaintiff to take up the burden which the law has cast upon him and sustain the issue by a preponderance of the evidence. A presumption which operates in the plaintiff's favor casts upon the defendant the burden of producing evidence to meet the plaintiff's prima facie case, and not the burden of proof in the sense of the risk of nonpersuasion, which remains with the plaintiff throughout the trial. * * *

*553 "Statutes of the various states contain numerous enactments creating or declaring presumptions or specifying that certain facts shall constitute prima facie evidence of other facts, the effect of which is to relieve the party in whose favor they operate of the necessity of producing evidence upon an issue and cast upon the other party the burden of going forward with the evidence. They do not, however, shift the burden of proof, but simply permit one to make a prima facie case in a way that he could not make it without the statute." 20 Am.Jur. 136, Evidence, section 133.
In Johnson v. Mills, Fla., 37 So.2d 906, 907, this Court has held in respect to the specific statute involved in this litigation: "This presumption is a rebuttable one. In the case at bar, we are not left to an inference or presumption. The uncontradicted evidence shows that McDaniel was operating the truck which caused the injury without the owner's consent and that he, in no way, was acting as an agent or servant of appellee when the injury occurred. When this evidence was presented the presumption vanished from the case. See Vol. 9, Blashfield, Cyclopedia of Automobile Law and Practice, Part 2, § 6064." (Emphasis supplied.) The conclusion of the trial court that there was in the case "insufficient evidence to take the case to the jury" was accordingly affirmed.
The decisions in this jurisdiction with respect to another statutory presumption of liability, in negligence actions against railroad companies, are to the effect that the presumption vanishes as soon as any material evidence on the issue is introduced by the defendant railroad, "regardless of whether they make a case against themselves" or fail completely to rebut the presumption in fact, and in those circumstances it is error to charge the jury that the presumption disappears only "when the railroad adduces substantial evidence that the employees were not negligent." Powell v. American Sumatra Tobacco Co., 154 Fla. 227, 17 So.2d 391, 392; Loftin v. Skelton, 152 Fla. 437, 12 So.2d 175; Atlantic Coast Line R. Co. v. Voss, 136 Fla. 32, 186 So. 199; Seaboard Air Line R. Co. v. Bailey, 5 Cir., 190 F.2d 812. Section 768.05, Florida Statutes 1951, F.S.A.
Although the presumption created by the railroad statute is not analogous in all respects to the one presently under consideration, it necessarily follows, from the decision in Johnson v. Mills, supra, [37 So.2d 907,] that if the presumption under section 51.12, Florida Statutes 1951, F.S.A., "vanished from the case" upon presentation of the evidence in rebuttal, then any suggestion to the jury that the presumption might be taken into consideration along with the evidence would be prejudicial, at least where the evidence on the issue is of the character involved in the case at bar.
The court below, in its order granting new trial, correctly stated the rule that in the circumstances of this case "the burden of proving the driver's rightful possession of the motor vehicle is cast upon the plaintiff, just as if the presumption had never existed." Whether, under the involved statute, the mere introduction of "any material evidence" on the issue would require the same result, as is true under section 768.05, supra, is not here decided.
The appellee attempts, by way of cross appeal, to raise the point that the trial court erred in refusing to rule affirmatively on his motion for directed verdict on the issue of lack of authority, renewed after verdict and argued simultaneously with request for new trial, to which motion no reference is made in the order for new trial. Whatever may have been his right to a directed verdict under the evidence in the case, it is plain that under our statutes the point is not properly presented on an appeal from an order granting a motion for new trial. Sections 59.06(1) and 59.07(4), Florida Statutes 1951, F.S.A. For an order granting a new trial is appealable only by virtue of a specific statutory denomination as such, and the review of such an order is limited to the extent that not even the grounds of the motion for new trial other than those "specified by the trial *554 judge, as a basis for the order granting the new trial, [can] be considered as arguable" upon a cross assignment of error. Martin v. Meyer, Fla., 68 So.2d 597. This view of the limited scope of an appeal from an order granting a new trial is consistent with the nature of the order in question. In a case where the trial court reserves its ruling on a motion for directed verdict until after the verdict on the merits of the cause is reached by the jury, an order denying the motion for directed verdict, being interlocutory or supplemental in character, is reviewable only in connection with an appeal from the final judgment in the cause when one is entered. Cf. Wolfe v. City of Miami, 114 Fla. 238, 154 So. 196.
The order appealed from should be affirmed.
It is so ordered.
TERRELL, Acting Chief Justice, HOBSON, Justice, and PATTERSON, Associate Justice, concur.