PER CURIAM.
The appellants were the plaintiffs and counterdefendants and the appellee was the defendant and counter-claimant in the trial court. The appellants and the appellee each sought property damage claimed to have been caused by negligence of the other as the result of a collision between one of the appellants’ passenger trains, “The Florida Special,” and a large tractor pulling a huge earth-mover loaded with dirt, this equipment being owned by the appellee. The evidence on the issue of negligence was in conflict. The jury rendered a verdict in favor of the appellee based on its counterclaim, and it is from this judgment that appellants have instituted this appeal. The appeal is grounded wholly upon two jury instructions asserted by appellants to have constituted prejudicial error.
It is unnecessary to quote the instructions assaulted because their propriety as applied to the instant case has been resolved by decisions of the Florida Supreme Court. One of the instructions was directly predicated upon the presumption statute, section 768.05, Florida Statutes, F.S.A., and purported to create a presumption against the appellants. The other instruction had the effect of imposing the burden on appellants of proving themselves free of negligence. Upon the record, we must agree with the appellants that the trial court committed harmful error. See the cases of Loftin v. Skelton, 1943, 152 Fla. 437, 12 So.2d 175; Powell v. American Sumatra Tobacco Co., 1944, 154 Fla. 227, 17 So.2d 391; and Lawson v. Loftin, 1945, 155 Fla. 685, 21 So.2d 202.
The judgment is reversed and the cause remanded for a new trial.
Reversed.
KANNER, C. J., ALLEN, J., and PATTERSON, TERRY B., A. J., concur.