CARROLL, CHAS., Judge.
One Robert MacDougal was killed in a collision between his automobile and a switch engine of the defendant railway company at a crossing in the city of Jacksonville. His widow filed an action for damages in the circuit court in Dade County against the Trustees of the Florida East Coast Railway Company, alleging that her husband’s death was caused by the negligence of the railroad. A jury verdict in her favor resulted, for $85,000. Judgment was entered thereon and the defendants have appealed.
The appellants raise two questions on the appeal. One is a claim that it was error to permit counsel for the plaintiff to inform the jury as to the provisions of the “Presumption Statute,” § 768.05, Fla.Stat., F.S.A.[1] The second deals with a ruling on an item of evidence.
Appellee takes the position that no harm or error resulted because the discussion of the subject matter of the statute before the jury in counsel’s opening argument did not include any mention of the final clause of the statute, reading “the presumption in all cases being against the company.” Appellee also contends that any harmful effect of informing the jury as to *834 the statute was counterbalanced by the charge which the court gave on the burden of proof. Neither of those arguments has merit.
The requirements of the statute are enough to show the imposition of the presumption without reciting the conclusion that the statute raises a presumption against the railroad. It has been held, in cases involving a charge by the court, that revealing the content of the statute to the jury, without the express statement contained therein that “the presumption in all cases being against the company,” is reversible error. Atlantic Coast Line R. Co. v. Walker, Fla.App. 1959, 113 So.2d 420. Moreover, once the jury has been informed regarding the statute, even a direct instruction by the court to the jury to disregard the statute will not cure the error. Powell v. American Sumatra Tobacco Co., 154 Fla. 227, 17 So.2d 391; Seaboard Air Line R. Co. v. Bailey, 5 Cir., 1951, 190 F.2d 812.
The discussion of the statute before the jury by plaintiff’s counsel, and the stressing of its requirements and effect, necessarily had a result similar to that assigned to a charge upon the statute, which, as stated in Loftin v. Skelton, 152 Fla. 437, 12 So.2d 175, 176, was that “ * * * the presumption is raised to the dignity of evidence. The jury, in effect, was told to consider the presumption against the defendant along with the evidence in the case.” See, also, Western & Atlantic R. Co. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884. In the Skelton case it also was said that when, as in the instant case, the evidence is conflicting, “it is error to make any reference whatever to the presumption.”
The error prevails whether the information regarding the statute, as furnished to the jury, comes from the trial judge or from counsel. Whoever tells them about the statute, it is “calculated to improperly influence the jury.” Powell v. American Sumatra Tobacco Co., supra, 154 Fla. 227, 17 So.2d 391. The statute is procedural, and while the defendant railroad must observe its requirements as they relate to the proofs, it is prejudicial error for the jury to be informed of the statute when they are called on to decide the case on conflicting evidence.
In a case in which the defendant railroad comes forward with some evidence of due care with resultant conflicts in the evidence on the question of its alleged negligence, if it is reversible error then for any reference to be made to the statutory presumption, it was an equal if not graver error to have brought the statute into the case earlier. The railroad should not have been required to parade its defensive evidence before the jury while burdened by having this albatross of a presumption hung about its neck. See Atlantic Coast Line R. Co. v. Voss, 136 Fla. 32, 186 So. 199; Loftin v. Skelton, supra; Powell v. American Sumatra Tobacco Co., supra; Seaboard Air Line R. Co. v. Bailey, 5 Cir., 1951, 190 F.2d 812.
For the reasons stated, the judgment must be reversed on this first ground asserted by the appellants. We pretermit, as unnecessary, any ruling on appellants’ second point. Accordingly, the judgment appealed from is reversed, and the cause is remanded for a new trial.
Reversed.
HORTON, C. J.,' and PEARSON, J., concur.

. § 7(58.05, Fla.Stat., F.S.A. provides:
“A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised qll ordinary and reasonable care and diligence, the presumption in all cases being against the company.”