136 So.2d 32 (1961)
LOUISVILLE & NASHVILLE RAILROAD COMPANY and Wallis J. Crosby, Appellants,
v.
John A. FLOURNOY, Appellee.
No. C-480.
District Court of Appeal of Florida. First District.
December 21, 1961.
Campbell & Andrews, De Funiak Springs, for appellant.
Hall, Hartwell & Douglass, and Turnbull & Hill, Tallahassee, for appellee.
STURGIS, Judge.
The appellants, defendants below, seek reversal of a final judgment for plaintiff-appellee entered pursuant to verdict of the jury in a negligence action.
*33 The issues on appeal are:
1. Whether the trial court erred in charging the jury as follows:
"If you find from the preponderance of the evidence in this case that the defendant company was engaged in the occupation of railroading and you find from a preponderance of the evidence that the plaintiff was injured in the manner and by the means and instrumentality alleged in the complaint and that as a result of the negligence alleged and that such negligence was the proximate cause of the alleged injury, it would be your duty to find for the plaintiff unless the defendant company has made it appear by a preponderance of the evidence or greater weight of the evidence that it, its agents and servants have exercised all ordinary and reasonable care and diligence, the presumption being against the company  meaning that the burden in this particular case, this class of cases, rests upon the defendant railroad company to sustain the burden of proving its lack of negligence. If the plaintiff has proved by a preponderance of the evidence that the defendant is a railroad company and that he was injured as a proximate result of the negligence of the defendant as alleged in the complaint, the burden of proof then shifts to the defendant company to make it appear by a preponderance of the evidence that the company, its agents and servants did exercise all ordinary and reasonable care; and if it is made to appear that the defendant, its agents and servants did exercise all ordinary care, or if it appears that the injury, if an injury was sustained by the plaintiff, resulted solely from his own negligence; then he would not be entitled to recover any amount."
2. Whether having so charged the jury of its own initiative, the court erred in denying the defendant railroad's motion to declare a mistrial.
3. Whether the evidence is sufficient to support the verdict and judgment for the plaintiff.
The issues raised here by the first two above stated issues are interdependent. The record reveals that the defendant railroad offered evidence tending to prove that it had exercised all ordinary and reasonable care under the circumstances surrounding the unfortunate accident resulting in this suit. Our determination requires consideration of F.S. § 768.05, F.S.A., which provides:
"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."
In Atlantic Coast Line Railroad Company v. Walker, Fla.App. 1959, 113 So.2d 420, 425, this court, speaking through Wigginton, J., held that where the defendant railroad offered evidence tending to prove that it exercised reasonable care under the circumstances attending the alleged tort, it was reversible error to charge the jury with the statutory presumption of negligence, saying:
"It was unnecessary for the court to charge the jury on the existence or effect of the statute, and the charge as given could do nothing less than confuse the issues and prejudice the defendant in securing a fair trial."
See Atlantic Coast Line Railroad Company v. Voss, 136 Fla. 32, 186 So. 199, 200, Atlantic Coast Line Railroad Company v. Richardson, 117 Fla. 26, 157 So. 17; Seaboard *34 Air Line Railroad Company v. Bailey, 5 Cir., 190 F.2d 812, 815. Comparison of the rejected charge in the Walker case with that in this case reveals that the latter more pointedly violates the rule and its giving constitutes reversible error.
Appellee contends that the appellant railroad may not have advantage of its motion for a mistrial because it was not made until after the jury had retired to consider its verdict, and in support cites Rule 2.6(b), Florida Rules of Civil Procedure, 31 F.S.A. This rule relates primarily to the settling by the court of the charges requested by the parties to the cause. It provides that no party may assign as error the giving of any charge unless he objects thereto at the time of the conference to settle the charges, or assign error for failure to give any charge unless he shall have requested the same. The record here indicates the charge in question was first injected in the course of the court's independent charges to the jury. We are not disposed to establish a rule whereby the party adversely affected would be required, prior to retirement of the jury to consider its verdict, to note objection to a charge as to which he had no notice prior to the time it is given to the jury, especially where the charge is of such nature as is likely to lead to confusion or create an unfavorable impression not readily removable from the minds of the jurors. Under the circumstances of this case, the trial court was obliged in the exercise of a sound discretion to grant the motion for a mistrial.
We find no merit in appellants' contention that the evidence is insufficient to support the verdict and judgment.
Reversed and remanded for a new trial.
CARROLL, DONALD K., C.J., and WIGGINTON, J., concur.