ANDREWS, Acting Chief Judge.
Winn-Dixie Stores! Inc., the defendant, appeals a final judgment entered upon a jury verdict for the plaintiff, Mrs. Dorothy H. Sheldon.
Plaintiff was injured while shopping in a grocery store operated by the defendant when she was struck in the head by a grocery cart allegedly shoved by one of the *668 girls at the checkout counter. Plaintiff immediately reported the accident to the store manager, who made an investigation at the time.
The defendant raises two issues on appeal. The first is the refusal of the court to give .a requested instruction on sympathy copied verbatim from Loftin v. Skelton, 1943, 152 Fla. 437, 12 So.2d 175. The defendant described itself as a target defendant, apparently meaning a defendant obviously able to pay a sizable judgment when being sued by a wage earner or other person of limited means. The court included in its general charge on both liability and damages that the jury must not be deviated in its decision by sympathy for one side or the other. The general charge as given sufficiently covered the question of sympathy though not stressed as strongly as the defendant would have desired. Such type of charge has been held sufficient. Black v. Heininger, Fla.App.1964, 163 So.2d 3.
In Loftin v. Skelton, supra, no charge on sympathy was given. The court said that the requested charged should have been given but it did not go so far as to say that the subject could not be covered sufficiently by the general charge on the subject and thereby limit the trial court in the exercise of its sound discretion in framing charges to be given to the jury.
The second issue raised is the refusal of the court at the request of the defendant to reopen its case after close of rebuttal testimony of the plaintiff for the purpose of the introduction of a deposition and interrogatories of the plaintiff which tended to show a lack of knowledge as to which employee of the defendant, if any, actually pushed the cart which caused the injury.
In the early stages of the case the girl who apparently pushed the cart into the plaintiff was referred to as the “new girl.” As the trial progressed she was identified by name. Such fact was held by the court not sufficient justification for the reopening of the case for the purpose of impeachment. The ruling of the court was correct in that the admission or rejection of impeaching testimony is a matter within the sound discretion of the trial court. Winner v. Sharp, Fla.1949, 43 So.2d 634.
Affirmed.
WALDEN, J., and STURGIS, WALLACE E., Associate Judge, concur.