DREW, Justice
(dissenting) :
F.S. Sec. 768.05, F.S.A., has been consistently construed by this Court as creating only a procedural presumption not to be weighed in evidence when any evidence on the issue of negligence is introduced by either party,[1] contrary to the construction elsewhere upon which adjudication of unconstitutionality has been based.[2] In the absence of any showing in the record or on the face of the order that the court relied on the statutory presumption, the assumption must be that in accordance with uniform past construction of this statute the order for directed verdict on the issue of negligence was based only on the evidence adduced. The judgment otherwise rests *295 upon a jury verdict finding no contributory negligence and assessing damages in amount of $26,500.
I find it impossible to conclude, therefore, that the appeal presents any point other than the sufficiency of plaintiff’s evidence to sustain the order for directed verdict on the issue of defendant’s negligence. The court’s rejection of defendant’s preliminary motion for a ruling on the statute’s validity clearly would not in this situation affect or inhere in the judgment ultimately rendered, and the decision accordingly is not one appealable directly to this Court. Art. V, Sec. 4, Fla.Const.F.S.A. The appeal, in my opinion, should be dismissed for lack of jurisdiction.
Even assuming the decision is one passing upon the validity of the statute, the altered conditions and penal effect relied on for invalidation of the comparative negligence statute [3] have no bearing on the validity of the procedural presumption provision now questioned. The legislative enactment must, of course, be sustained if it rests on any material distinctions between the class affected and others similarly situated. The reasons originally justifying a difference in order of proof between tort actions against railroads and those against other defendants, such as the proprietary control of the site of accidents and the presence, in the usual case, of multiple employees or agents whom the adversary party should not be compelled to make plaintiff’s witnesses, remain at the present time distinguishing factors sustaining the legislative classification. I believe, as expressly found in earlier cases, “the peculiarities of the railroad business abundantly justify this distinction,”[4] and upon a review of the evidence in this cause would affirm the trial court.
THORNAL, C. J., and ERVIN, J., concur.

. Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741, 748; Seaboard Air Line R. Co. v. Bailey, C.A., 5 Cir., 190 F.2d 812 (1951); 8 U.Fla.L.R. 239.

. Western & A. R. R. v. Henderson, 279 U.S. 639, 49 S.Ct. 445, 73 L.Ed. 884.

. Georgia-Southern R. R. Co. v. Seven-up Bottling Co., (Fla.), 175 So.2d 39.

. Kirch v. Atlantic C. L. R. Co., 5 Cir. 1930, 38 F.2d 963, 965.
*■ * * * The reason for statutes of this character is to burden the party of revealing the truth who is most nearly in position to Imow the facts. A train is a large and complex vehicle. Naturally its crew members are in better position to know what, if anything, is wrong when an accident occurs. For that reason the legislature saw fit to require in such cases that they go forward with the evidence and show that they had exercised all ordinary and reasonable care and diligence in operating the train. When the railroad goes; forward with the evidence and makes the required showing the presumption vanishes regardless of whether they make a case against themselves, for in that event the purpose of the statute has been fulfilled; the facts have been elicited and plaintiff can fairly make his claim to the jury thereon.” Powell v. American Sumatra Tobacco Co., 1944, 154 Fla. 227, 17 So.2d 391.