## MISSOURI PACIFIC RAILROAD CO. *v.*
## E. V. NEISSL

5-5958                                              483 S.W. 2d 188

Opinion delivered July 17, 1972
[Rehearing denied August 28, 1972]

*Smith, Williams, Friday, Eldridge & Clark,* for appellant.

*Bill Walters,* for appellee.

LYLE BROWN, Justice. A steer owned by appellee was struck and killed by a train operated by appellant's employees. The jury returned a verdict for actual and double damages and the court fixed an attorney's fee for appellee. On appeal it is contended that appellant should have been given an instructed verdict. We agree.

The case was submitted to the jury on the sole question of lookout. The only witness testifying regarding lookout was the engineer. That testimony may be briefly and sufficiently abstracted as follows:

At the time of the accident we were going east from Van Buren and had crossed over Bates Mill Crossing and over the hill. I was traveling thirty miles per hour. The headlight was shining straight ahead and I was watching down the track. I noticed a cow in the edge of the bushes about four car lengths ahead of the train. Four cars are approximately 200 feet. The cow was moving along parallel with the train. Then a car length before I got to it the animal turned angling across the track. When I first saw the cow I gave my whistle several short blasts. With the cow 200 feet down the track when I first saw it, considering the train which I was operating, considering the number of cars which I had on the train, if I had applied the emergency brake as well as the service brake it would have taken 1000 or 1200 feet to have stopped the train safely. If I had hit the brakes the moment I saw the cow I would have still gone eight hundred feet past it.

Where an injury is caused by the operation of a railroad train a prima facie case of negligence is made against the railroad. Of that well known principle we had this to say in *St. Louis-San Francisco Ry. Co.* v. *Cole,* 181 Ark. 780, 27 S.W. 2d 992 (1930) where we quoted from the Supreme Court of the United States as set out in *Western & A.R.R. Co.* v. *Henderson,* 279 U.S. 639 (1929): "The only legal effect of this inference is to cast upon the railway company the duty of producing some evidence to the contrary. When this is done, the inference is at an end, and the question of negligence is one for the jury upon all the evidence."

The testimony that the engineer was keeping a lookout, that he was driving at a reasonable rate of speed, and that he could not stop the train in order to avoid killing the animal was not disputed, even by circumstantial evidence.

Reversed and dismissed.