PER CURIAM.
The appellants were joint defendants below, in an action based on negligence. The plaintiff presented evidence which tended to show that he was driving his auto in a southbound direction; that he came to a full stop in the middle lane of a three lane street; that thereafter, he was struck on the left side by a truck owned by appellant Inter-American Transport Equipment Company, and being driven by its employee, appellant Alberto Rodriguez.
As their first point on appeal, the appellant contends that the trial court erred in failing to direct a verdict in their favor on the issue of liability. Their argument is that the plaintiff failed to prove the specific act of negligence by the appellants which *700 could have caused his injury; in other words, that the record merely establishes that an accident occurred. This point is totally devoid of merit. The record shows that the appellee was stopped at a red light and thereafter struck in the rear and side by appellant’s truck and trailer, and that appellant’s trailer came to rest partially in the appellee’s lane of traffic, all of which was established by the report of the investigating police officer. Moreover, documentary evidence was presented in the form of Rodriguez’s plea of guilty to the charge of reckless driving in Metropolitan Traffic Court. Thus, a prima facie case of negligence was established, and although reasonable minds may differ as to the inferences that could be drawn from the evidence demonstrating the surrounding circumstances, the function of the jury was to resolve any conflicting inferences. We hereby hold that the trial court exercised proper discretion in submitting the case to the jury.
During the course' of the trial, the plaintiff gave testimony relating to his impaired earning capacity, and the damages he suffered after the accident. On cross-examination, attorneys for the appellants first pursued a line of questioning relating to the amount of income received by the plaintiff during the years following the accident; thereafter, they made an initial attempt to introduce into evidence records from a prior, unconnected law suit involving the plaintiff individually. Objection was made and, in an effort to demonstrate the relevancy of the prior law suit with the instant case, the attorney for the appellants approached the bench and conferred with the court out of the hearing of the jury and the court reporter. The objection was ultimately sustained. Some moments later, a recess for lunch was taken and, after the return of counsel, but out of the presence of the jury, the appellant’s attorney made a proffer of the records contained in that prior law suit.[1] Once again, the judge sustained the objection to the admission of such records.
It is the appellant’s contention on appeal that the judge abused his discretion by refusing to admit the records. The appellants take the position that the proffered corporate office records, ledger sheets, and profit and loss statements would have shown that large sums of money were drawn by the appellee from the corporation for the years 1965, 1966 and 1967, and would have further reflected payments made by the corporation to the appellee during this period of approximately $2,000 per month. Furthermore, the appellant contends that this evidence would have thereby impeached that testimony of the appellee regarding, first, whether the injury he sustained was so serious as to have precluded performing valuable services for the corporation ; secondly, whether his earning capacity had been so impaired as he had previously testified; and thirdly, whether *701 the remaining testimony rendered by the appellee during the course of the trial was credible.
In answering this point on appeal, the appellee first points to the general principle that admission of impeaching testimony by the trial judge is primarily within his sound discretion, and the appellate court will not disturb an order of the lower court in the exercise of its judicial discretion unless a clear and palpable abuse is demonstrated. Winner v. Sharp, Fla. 1949, 43 So.2d 634; Winn-Dixie Stores, Inc. v. Sheldon, Fla.App.1966, 184 So.2d 667.
We must agree with the appel-lee’s position, and adhere to the general principle of appellate law that this court will not disturb a discretionary ruling by the trial judge unless the record on appeal clearly demonstrates an abuse of discretion. Winner v. Sharp, supra. The above principle is especially relevant to the case sub judice where the trial judge’s intimacy with the particular facts of the case, combined with his sound judicial wisdom, were the motivating factors for his decision.
The appellant’s third point on appeal relates to the propriety of admitting into evidence the plaintiff’s reference to a loss of profits to the corporation in which he was involved. Admittedly, the corporation was relatively new and had no past performance record at the time of the accident. However, the record fails to support this point, and tends to fortify the appellee’s position that he at no time had any intention to introduce a loss of profits or damage to the corporation in his prayer for compensatory damages. Rather, the appellee’s evidence tended to comply with the general rules set forth in the case of Atlantic Coast Line Railroad Company v. Ganey, Fla.App.1960, 125 So.2d 576, in which the general rule is stated as follows:
“In Florida, the measure of future loss to be compensated by damages is the loss of the capacity to earn, that is, the permanent impairment of the ability to earn money, and not actual loss of earnings.”
The facts presented to the jury by the appel-lee conformed to those generally presented to demonstrate loss of earning capacity.
Therefore, for the reasons above stated, the final judgment being appealed is hereby affirmed.

. “(Thereupon at 1:30 p.m. the following proceedings were had in the absence of the jury:)
“MR. KTJVIN: Let the record reflect that the defendant has made or is making at this time a proffer of the records contained in the lawsuit entitled Elizabeth H. Barth versus Frederick R. Frank, bearing number 67-12354, in the Circuit Court in and for Dade County, Florida;
“That the records that I wanted to introduce into evidence and which I am proffering at this time are the office records, ledger sheets and profit and loss statements of the Clinic run by Dr. Frank and others at the address on Valencia Avenue in Coral Gables, Florida; “That these records, if allowed, would have indicated certain sums of money drawn by Dr. Frank from this business in the years 1965, 1966 and 1967;
“That these records would have further reflected payments made by this clinic of approximately $2,000 per month for the years mentioned; and that these records were to be used for impearchment purposes.
“That is it, Judge.
“THE COURT: I sustain the objection to the admission of this testimony.
“Bring the jury in.”