# Roloson's Estate.

*Evidence—Written signature—Test by comparison—Proof—Sufficiency.*

Receipts for payments of money, signed by a decedent, and delivered by her to the persons producing them, are admissible in evidence as standards with which to compare a disputed signature of the decedent. If the witnesses testify that the receipts were signed in their presence, and that no one else was present at the time, it is not necessary that they should have actually watched the pen as it passed over the paper.

Argued March 8, 1922. Appeal, No. 26, March T., 1922, by Ira Mitten, from decree of O. C. Lackawanna County, year 1916, No. 825, dismissing exceptions to audit, and distribution, in the estate of Elizabeth A. Roloson, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ. Affirmed.

124, (1922).] Statement of Facts—Opinion of the Court.

Exceptions to audit and distribution. Before SANDO, P. J.

The opinion of the Superior Court states the case.

Exceptions were dismissed, and the adjudication confirmed absolutely. Ira Mitten appealed.

*Errors assigned* were the decree of the court dismissing the exceptions, and various rulings on evidence.

*George Morrow,* for appellant.—Before evidence by comparison of signatures can be received, it is necessary that some direct or positive proof must first be given: Porter v. Wilson, 13 Pa. 640; Ballentine v. White, 77 Pa. 20; McWilliams' Est., 259 Pa. 526.

*Paul J. Sherwood,* and with him *J. E. Sickler,* for appellee.—Seeing a party write but once, and that only his name, qualifies a witness to testify to handwriting: Wilson v. VanLeer, 127 Pa. 371; Broadrick v. Broadrick, 25 Pa. Superior Ct. 231.

OPINION BY PORTER, J., July 13, 1922:

This is an appeal by a legatee from the decree of the court below distributing to the claim of a creditor, upon a note of the decedent. The genuineness of the signature of the decedent, upon the note, was disputed. The paper-book of the appellant thus states the question alleged to be involved: "Amount of proof offered to establish the genuineness of a written signature to be used as a test or standard with which to compare the disputed signature upon the note in question."

The rule certainly requires that, in order to warrant the admission of a writing offered as a test or standard, nothing short of evidence by a person who saw the party writing the paper, or to whom the party admitted having written it, or evidence of equal authority, is sufficient: Travis v. Brown, 43 Pa. 9. The law in this respect has not been changed by the Act of May 15, 1895, P. L. 69;

Shannon v. Castner, 21 Pa. Superior Ct. 294, nor has any change been effected, in this respect, by the Act of June 6, 1913, P. L. 451. There were in the present case two test signatures admitted in evidence, being receipts for the payment of money, signed by the decedent. The witnesses who testified to the genuineness of the signatures upon these receipts, respectively, were the parties who had paid the money to the deceased, and the receipts were given by her at the time the money was paid. It may be that the witnesses were not actually watching the pen as it passed over the paper, but their testimony discloses that no other person was present at the time; that the signing was done in their presence, and that the decedent gave to them, respectively, the receipts which bore her signature. This evidence fully complied with the standard by the rule required and the receipts were properly admitted in evidence.

The decree is affirmed and the appeal dismissed, at cost of the appellant.