275 So.2d 562 (1972)
Lennie Elizabeth PATE, Appellant,
v.
F. Churchill MELLEN, As Administrator of the Estate of Henrietta Farnham, Deceased, Appellee.
No. N-383.
District Court of Appeal of Florida, First District.
December 12, 1972.
On Rehearing April 5, 1973.
Charles L. Cetti, of Phillips, Williams, McGraw & Cetti, Pensacola, for appellant.
Joe J. Harrell and Donald H. Partington, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellee.
JOHNSON, Judge.
In this case, the trial court in contemplation of defendant's offering standards of specimens or exemplars, predetermined that such exemplars would not be admitted unless there was a witness to the signing by Mrs. Farnham. The court also ruled that the defendant could testify that she saw Mrs. Farnham sign certain checks, but that she could not testify as to the reasons therefor.
Counsel for the defendant exhibited numerous checks to the defendant while she was on the witness stand, purporting to have been signed by Mrs. Farnham, and the defendant asked if she had seen Mrs. Farnham sign these checks, which were fairly close to the date in question of the transfers of money, and the defendant in *563 each case testified that she had seen Mrs. Farnham sign each of said checks. This testimony was not rebutted. In fact, plaintiff's counsel did not even cross-examine the defendant on this testimony. Counsel for defendant then offered to introduce these checks as samples of Mrs. Farnham's signature, which was denied by the trial court.
We agree with the statement of the trial court that under F.S. § 92.38, F.S.A., "it is the province and responsibility of the court to determine the genuineness of the standard offer and the court must be satisfied that it is genuine before admitting it to be used as a standard." While we hold that it is a correct statement of the law, it does not mean that the court has unbridled discretion in admitting or refusing to admit evidence which has been testified to as being genuine. In this case, the trial court had ruled that the defendant could testify to the fact that she saw Mrs. Farnham sign the particular checks, and in answer to the questions of whether or not she saw Mrs. Farnham sign each of certain checks exhibited to her, she answered to the affirmative. After questions by counsel for defendant concerning these checks, there was not even any cross-examination of the defendant about said checks, nor was there any rebuttal evidence offered rebutting the truth of the testimony of the defendant. The unbridled determination by the court, without any rebuttal testimony or even any question of the veracity of the defendant's testimony by the plaintiff, we feel constituted an abuse of discretion on the part of the trial court. These checks were not included in the record before us, of course, because the trial court refused them to be submitted, but from the testimony of the defendant, the name of the payees to each check and the dates thereof shows two factors which we deem important which sway our thinking in favor of the idea that the trial court should have admitted these checks to be introduced into evidence. One is that the checks were not payable to the defendant nor as shown to have been for the benefit of the defendant, and therefore no reason by the defendant's testimony should be tainted with self-interest. The other factor is that the dates of said checks more closely correspond to the dates of the transactions which are the subject of this suit. This is important because it is apparent that a person ninety-two years of age would be weaker every week which would necessarily affect her writing.
The Supreme Court of Florida, in Brantley v. State, 84 Fla. 649, 94 So. 678, said, in speaking about the contention that when the trial court had compared any disputed writing "proved to the satisfaction of the Judge to be genuine," that when the court was satisfied, the question is not open for further inquiry, and that his decision upon this point was conclusive. The Supreme Court then said they did not agree with this contention, and cite the Supreme Court of New York in support. While the case, supra, held that the trial court's determination that it was satisfied about the genuineness of the writing, did not estop an appellate court reviewing the same, and determining that there was insufficient evidence to sustain the lower court, the same is true when the trial court has refused to let experts examine the writing.
Again the Supreme Court of Maine, in Williams v. Williams, 109 Me. 537, 85 A. 43, it was held that a trial court had abused its discretion with regard to the determination of genuineness of a writing to be used as an exemplar where the trial court heard evidence of such genuineness from certain witnesses but refused to hear expert testimony to the contrary.
In the case at bar, the unrebutted testimony, even if it was from the defendant, should have been sufficient to warrant the submitting of the checks as exemplars of the handwriting of Mrs. Farnham. The fact that the two handwriting experts, one for the plaintiff and one for the defendant, may have differed in their expert opinions, we do not know that, and neither did the *564 trial court. If the checks had been admitted, the plaintiff's expert witness might have found enough similarity between the writings to testify that the signatures on the proffered checks were in fact of Mrs. Farnham, and still not have found the alleged forged instruments to be genuine.
In 41 A.L.R.2d 584, Annotation, we find this statement of law:
"§ 6. Direct (eyewitness) evidence. The courts appear to be agreed that evidence in the form of uncontradicted testimony of a competent eyewitness to the execution of a writing is sufficient proof (under both statutory and nonstatutory requirements of proof of genuineness) that it is the genuine writing of the person seen to have executed it to permit its use as a standard against which to test other writings allegedly executed by the same person."
In People v. Truck, 170 N.Y. 203, 63 N.E. 281, the court said that where signatures of defendant were proved by persons who saw the signatures written by him, and their genuineness was not attacked, such signatures were properly used by experts in determining the question whether certain other writings were in defendant's handwriting. To the same effect is in Re Roloson's Estate, 79 Pa.Super. 124. The test appears to be that the testimony be given by a competent witness and to be uncontradicted. The trial court in the case at bar, had ruled in effect, that the defendant could testify that she had seen Mrs. Farnham sign the checks thereby ruling her competent as a witness, and there was no contradiction by anyone.
While we think the proffered checks should have been admitted as exemplars of the handwriting of Mrs. Farnham and the same examined by both experts on handwriting, and if this resulted in contrary opinions of the experts, it would have been a jury question, we cannot rule on this question as an appellate court inasmuch as the appellant has abandoned the assignments of error setting out the point involved, as set out supra, when appellant's counsel elected not to treat the same in his brief. Florida Appellate Rule 3.7(i), 32 F.S.A.
The assignments of error treated in appellant's brief are without merit. Therefore, the verdict and judgment appealed from are affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.

ON PETITION FOR REHEARING
JOHNSON, Judge.
By petition for rehearing, appellant has brought to our attention the case of In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971), which was decided subsequent to the trial proceedings below although before the rendition of this opinion.
Appellant now contends that the trial court committed harmful error in instructing the jury as follows:
"... then I charge you that you will further weigh and consider all of the evidence bearing upon the issue of whether or not there existed a confidential relationship between the defendant, Lennie Elizabeth Pate, and Henrietta Farnham, now deceased. And, if you find that there did exist such a relationship, and if you further find that Miss Pate was active in procuring the gift from her, then I charge you that a presumption of undue influence arises and the burden then rests upon Lennie Elizabeth Pate to establish by clear and convincing proof that the transaction here sued upon was the result of a free and voluntary act of Henrietta Farnham, and was completely free from any undue influence on the part of Lennie Elizabeth Pate. And, if she fails to establish such lack of undue influence, it would be your duty to find for the plaintiff."
*565 In the Carpenter case, supra, the Supreme Court of Florida said at pages 703 and 704:
"... We acknowledge that undue influence is rarely susceptible of direct proof, primarily because of the secret nature of the dealings between the beneficiary and the testator, and because of the death of one of the principals to the transaction, the testator.
"Nevertheless, we do not think that these considerations require that the burden of proof or risk of nonpersuasion be shifted onto the beneficiary. Because it is frequently as difficult to disprove undue influence as to prove it, the practical effect of shifting the burden of proof is to raise the presumption virtually to conclusive status and require a finding of undue influence, as happened in the case sub judice... ."
The Supreme Court then said that the better rule was the one enunciated by the Supreme Court of Florida in the Leonetti v. Boone, 74 So.2d 551, which "shifts to the beneficiary only the burden of coming forward with a reasonable explanation for his or her active role in the decedent's affairs... ." This is not the same as the instruction given by the court. The instruction as given, supra, placed a much greater burden on the defendant than she was compelled to bear due to the fact, as stated by the Supreme Court "it is frequently as difficult to disprove undue influence as to prove it ..."
At the time of the trial in the lower court, the court did not have the benefit of the Carpenter case, supra, but the case law (from Supreme Court of Florida) was changed between the date of trial and the date this case came on for rehearing, and we think, and so hold, that the change in the law renders the instruction as given as fundamentally wrong and resulted in a fundamental error to which we should take into consideration for correction. Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967) (Also Florida Appellate Rules, Rule 3.7(i), 32 F.S.A.)
Inasmuch as the trial court, in its instruction to the jury was in error in charging as to the burden of proof, as determined by the Supreme Court of Florida, In re Estate of Carpenter, supra, and Leonetti v. Boone, supra, we are of the opinion and so hold, that our original opinion affirming the judgment appealed should be and is withdrawn insofar as affirming and we now, upon rehearing, revise our decision and reverse the judgment appealed for the reasons set forth supra, and remand the same for a new trial, not in conflict with the holdings of this court.
Reversed and remanded for a new trial.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.