318 So.2d 185 (1975)
Hattie MAJORANA, Appellant,
v.
T. Joseph CONSTANTINE, As Guardian of Arthur R. Long, Incompetent, Appellee.
No. 74-1185.
District Court of Appeal of Florida, Second District.
August 6, 1975.
John T. Blakely, of Johnson, Blakely & Pope, Clearwater, for appellant.
Jerry C. Cobb, of Wightman, Rowe, Weidemeyer, Jones & Turnbull, Clearwater, for appellee.
GRIMES, Judge.
Arthur R. Long made certain gifts to his housekeeper. After Mr. Long was declared incompetent, his guardian brought suit to set the gifts aside. The court found that Mr. Long and the defendant had occupied a confidential relationship and that the defendant had failed to rebut the presumption of undue influence thereby created. The court imposed a constructive trust upon property which had been purchased by the defendant with the proceeds of the gifts. The defendant does not contest the finding of a confidential relationship but contends that the court misconstrued the burden placed upon her by reason of the presumption of undue influence.
In Rich v. Hallman, 1932, 106 Fla. 348, 143 So. 292, the Supreme Court said:
"... [W]here a mutual confidential relation exists and a gift is made to one in whom the confidence is reposed, it is prima facie void because of such relation. The law presumes, in other *186 words, when such relation exists, that the gift was obtained by undue influence or other improper means. When persons occupy positions of trust and confidence as did the parties to this cause, they are held to a strict measure of candor in their dealings, and any transactions between them predicated on a grossly inadequate consideration will be viewed as suspicious. Equity raises a presumption against the validity of such dealings, and imposes on the vendee or the donee the burden of showing the good faith and voluntary conduct of the donor or the vendor as the case may be. 12 R.C.L. 972, and cases cited."
This principle was reaffirmed in many subsequent cases. E.g., Adams v. Saunders, 1939, 139 Fla. 730, 191 So. 312; Lesperance v. Lesperance, Fla.App.3d, 1970, 233 So.2d 859. However, in the case of In re Estate of Carpenter, Fla. 1971, 253 So.2d 697, our Supreme Court held that where a beneficiary of a will was shown to have been in a confidential relationship with the testator and actively participated in the execution of the will, the burden placed upon the beneficiary was only that of coming forward with the reasonable explanation for his active role in the decedent's affairs rather than that of disproving the undue influence. The court held that, as in the case of other presumptions, the burden of proof remained with the party upon whom it rested in the first place.
While Carpenter was a will contest and the case sub judice involved a suit to set aside inter vivos gifts, the same principles would seem to apply. Our sister court so held in Pate v. Mellen, Fla.App.1st, 1972, 275 So.2d 562.
The judge below was obviously following pre-Carpenter law when he stated in the final judgment:
"The Court finds the testimony and evidence presented by the Plaintiff establishes by clear and convincing evidence that a confidential relationship existed between Arthur R. Long and Hattie Majorana, the Defendant. The Court further finds that the Defendant failed to rebut the presumption that the transfers made to the Defendant were void because of such relation. That is, the Defendant-donee failed to establish that the transfers were made in good faith and voluntary conduct of the donor."
Since the case was decided upon an erroneous conception of the burden raised by the presumption of undue influence, it is necessary for the case to be remanded for a determination according to the principles of Carpenter. In so doing, we do not purport to pass upon whether the defendant met the burden of coming forward with the evidence necessary to dispel the presumption.
Reversed and remanded.
BOARDMAN, A.C.J., and SCHEB, J., concur.