HUBBART, Judge.
This is an action to set aside certain inter vivos gifts on the ground of undue influence. Judgment was entered cancelling such gifts and the donees of the gifts appeal. The question presented is concerned with the burden imposed on the donee of an inter vivos gift to rebut a presumption of undue influence which may arise from such a gift.
*543 Winifred Lee died leaving a will in which the plaintiff Stuart Patton was named as executor of the estate. The will was admitted to probate and letters testamentary issued to Stuart Patton. Mr. Patton thereafter discovered that the estate had no assets. Shortly before her death, Winifred Lee had executed a warranty deed and personal property assignment transferring all her real and personal property with joint rights of survivorship to herself, and to her stepson and his wife, Robert and Betty Lee, the defendants in this action. Winifred Lee predeceased Robert and Betty Lee, thereby vesting all of Winifred Lee’s real and personal property in the defendants, Robert and Betty Lee.
The executor Stuart Patton filed a complaint in the Circuit Court of Dade County to cancel and set aside the warranty deed and personal property assignment executed by Winifred Lee on the ground that they were procured by the defendant Robert Lee through undue influence. The defendants, Robert and Betty Lee, filed an answer denying all allegations of undue influence.
The lower court sitting without a jury took extensive testimony which was greatly conflicting on the issue of undue influence. At the conclusion thereof, the lower court entered a final decree setting aside the real and personal property transfers on the ground that the defendant Robert Lee procured these transfers through undue influence.
The lower court found that the gift transfers were the product of undue influence because the defendant-donees of these gifts, Robert and Betty Lee, had failed to properly rebut the presumption of undue influence which arose with respect to the gifts which were made without consideration while Robert Lee occupied a confidential relationship with Winifred Lee. The lower court articulated the burden of proof standards by which this case was decided as follows:
“Based upon the testimony, documentary evidence, pleadings on file, and the observation of the demeanor of the witnesses, it is the finding of the court that following the arrival of ROBERT EMMETT LEE in the decedent’s household on March 21, 1974, a fiduciary or confidential relationship with the decedent existed, the said ROBERT EMMETT LEE being not only her step-son but an attorney at law from whom she sought counsel and guidance to relieve her anxiety about her financial affairs. A presumption that these gift transactions, made without any consideration, were obtained by undue influence or other improper means thereupon arose. The burden was then upon the donees to rebut this presumption by coming forth with a reasonable explanation of Mr. Lee’s active role in the decedent’s affairs to the extent that such explanation would show that such gifts were freely and voluntarily made, with the full understanding of the import and effect thereof, and that the same constituted the wish and desire of the donor rather than the sole accomplishments of the do-nees.” [Emphasis added].
The defendant-donees, Robert and Betty Lee appeal the judgment below and contend that the lower court erred in applying an improperly heavy burden of proof on them to rebut the presumption of undue influence. We agree and reverse.
The narrow issue for review is whether the donee of an inter vivos gift upon which a presumption of undue influence arises must rebut that presumption by coming forward with a reasonable explanation as to his active role in the donor’s affairs to the extent that such explanation would show that the gift was freely and voluntarily made with full understanding of the import and the effect thereof, and that the same constituted the wish and desire of the donor rather than the sole accomplishments of the donee.
The leading case in Florida on undue influence as a ground to contest a will is In re Estate of Carpenter, 253 So.2d 697 (Fla.1971), the principles of which are also applicable to inter vivos gift transfers where undue influence is asserted as a ground to set aside the gift. Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975); *544 Pate v. Mellen, 275 So.2d 562 (Fla. 1st DCA 1972). The Supreme Court in Carpenter states in detail the controlling law:
“We acknowledge that undue influence is rarely susceptible of direct proof, primarily because of the secret nature of the dealings between the beneficiary and the testator, and because of the death of one of the principals to the transaction, the testator.
Nevertheless, we do not think that these considerations require that the burden of proof of risk of nonpersuasion be shifted onto the beneficiary. Because it is frequently as difficult to disprove undue influence as to prove it, the practical effect of shifting the burden of proof is to raise the presumption virtually to conclusive status and require a finding of undue influence, as happened in the case sub judice. Thereby, much of the discretion of the trial judge to evaluate and weigh the evidence before him is lost, and with it one of the most valuable services we call on trial judges to perform in non-jury cases. We are unable to agree with any theory which vests great discretion in the trier of fact in other kinds of cases but ties his hands in will contest cases.
The better rule, enunciated by this Court in Leonetti v. Boone, supra, [Leonetti v. Boone, 74 So.2d 551 (Fla.1954)] shifts to the beneficiary only the burden of coming forward with a reasonable explanation for his or her active role in the decedent’s affairs, and specifically, in the preparation of the will, and we so hold. [Emphasis added]. * * *
What will a rule shifting to the proponent only the burden of coming forward with the evidence mean in practice? First, the burden will be satisfied when the beneficiary comes forward with a reasonable explanation for his or her active role in the decedent’s affairs. The precise nature of the explanation will vary depending on the facts giving rise to the presumption, and the sufficiency of the explanation to rebut the presumption will be for the county judge to determine subject to review by an appellate court. Second, when the burden is satisfied the presumption will vanish from the case and the county judge will be empowered to decide the ease in accord with the greater weight of the evidence [see Rigot v. Bucci, 245 So.2d 51 (Fla.1971)], without regard to the presumption. Third, since the facts giving rise to the presumption are themselves evidence of undue influence, those facts will remain in the case and will support a permissible inference of undue influence, depending on the credibility and weight, assigned by the trial judge to the rebuttal testimony.” 253 So.2d at 703-704.
It is clear under the Carpenter principles that once a presumption of undue influence arises in an inter vivos gift transfer, the donee need only come forward with “a reasonable explanation for his or her active role in the (donor’s) affairs, and specifically in the preparation of the (gift transfer) . . . .” In re Estate of Carpenter, 253 So.2d at 704. The donee is not required to show, as the defendant-donees were in the instant ease, that the gift was freely and voluntarily made, that the donor made the gift with full understanding of the import and effect of such gift, and that the gift constituted the wish and desire of the donor rather than the sole accomplishments of the donee.
To require such a showing from the donee would in effect shift the burden of proof or risk of non-persuasion on the undue influence issue to the donee. Carpenter expressly disapproves this result since it would raise the presumption of undue influence “virtually to conclusive status and require a finding of undue influence . . .” In re Estate of Carpenter, 253 So.2d at 704. Since the court below required precisely such a showing from the defendant-donees in the instant case, it is clear that an erroneous burden of proof was employed in deciding this case.
The erroneous application of burden of proof rules involving undue influence in an inter vivos gift case has been held to be reversible error under the authority of the Carpenter case. The Second District Court *545 of Appeal in Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975), reversed a judgment setting aside an inter vivos gift on the ground of undue influence because the lower court had improperly required the donees of the gift to establish that “the (gift) transfers were made in good faith and voluntary conduct of the donor” in order to rebut a properly raised presumption of undue influence. Majorana v. Constantine, 318 So.2d at 186. The Court specifically applied the Carpenter principles, reversed the judgment of the lower court and stated:
“Since the case was decided upon an erroneous conception of the burden raised by the presumption of undue influence, it is necessary for the case to be remanded for a determination according to the principles of Carpenter. In so doing, we do not purport to pass upon whether the defendant met the burden of coming forward with the evidence necessary to dispel the presumption.” Id. at 186.
Based on the Carpenter and Majora-na cases, we hold that the donee’s burden of rebutting a properly raised presumption of undue influence relating to an inter vivos gift is only such as to come forward with a reasonable explanation of the donee’s active role in the donor’s affairs, and specifically in the preparation of the gift transfer instrument. The donee is not required to show the gift was freely and voluntarily made with a full understanding of the import and effect thereof and that the gift represented the wish and desire of the donor rather than the sole accomplishments of the donee, as the lower court required of the defendant-donees in the instant case.
The failure to properly follow the Carpenter principles on undue influence in an inter vivos gift case has not only been held reversible error, Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975), but also fundamental error. Pate v. Mellen, 275 So.2d 562 (Fla. 1st DCA 1972). In view of these authorities, as well as the conflicting evidence on undue influence in this record, we cannot say that the error committed in this case was harmless. See Goldman v. Olsen, 159 Fla. 435, 31 So.2d 623 (1947).
Accordingly, the judgment below is reversed and the cause remanded to the lower court to apply the Carpenter burden of proof principles on the undue influence issue. A new trial will not be necessary. In so doing, we express no opinion as to whether undue influence has or has not been established by this record.
Reversed and remanded for proceedings consistent with this opinion.