DANAHY, Judge.
At Christmastime, Clifford F. Hutchins, since deceased, gave appellant Lilly the sum of $13,000, which Lilly used to purchase and improve a piece of real property. In this suit, Hutchins’ son, Richard, as personal representative of Hutchins’ estate, sought to impress a constructive trust on the real property so acquired by Lilly on the ground that the property was purchased with the proceeds of a gift obtained by the exertion of undue influence on Hutchins by Lilly. After receiving evidence on behalf of both parties, the trial judge entered a final judgment finding that undue influence existed and imposing a constructive trust. Lilly appeals. We reverse.
*213 It appears that Hutchins was approximately 90 years of age, in poor health, and unable to provide for himself. Lilly was employed as a professional homemaker by a nonprofit agency, and her services were made available to Hutchins at no charge to him. Pursuant to her employment, Lilly spent a few hours each week providing homemaker and personal services to Hutch-ins. In addition to those hours, Lilly would return to Hutchins’ house every week day after work to make certain that he had dinner, and would also spend her weekend time with him, preparing his meals. Additionally, Lilly would run errands for Hutch-ins, buy groceries, deposit checks, and sometimes prepare checks for Hutchins’ signature.
The gift in question was made less than three months after Lilly began to work for Hutchins. Policy of her employer prohibited her from accepting such a gift and, when the gift was discovered, Lilly was fired. Nevertheless, Lilly continued to perform full-time domestic and personal services for Hutchins until surgery required that she stop work. Hutchins died about nine months later.
The only testimony presented at the trial was that of Lilly, her supervisor at the agency, and a real estate agent. The final judgment contained findings that a confidential relationship existed between Lilly and Hutchins; that by reason of that confidential relationship, a presumption arose that the gift was the result of undue influence exerted upon Hutchins by Lilly; that the evidence offered by Lilly failed to rebut the presumption of undue influence; and that the evidence established that the gift was the result of undue influence on the part of Lilly absent such presumption.
Lilly does not here complain about the finding of a confidential relationship and the presumption of undue influence arising therefrom. Rather, she maintains that she rebutted the presumption of undue influence and further, that any remaining evidence of undue influence was overcome by testimony that the gift was a free and voluntary act. After carefully reviewing the record, we find that Lilly’s argument has merit.
First of all, we note that the trial judge apparently applied the correct rule of law. He specifically cited the decision of this court in Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975). Majorana adopted, for cases involving inter vivos gifts, the rule in will cases stated in In Re Estate of Carpenter, 253 So.2d 697 (Fla. 1971). The rule as stated in Carpenter and restated in Majorana is that where a presumption of undue influence arises, the burden placed upon the donee is only that of coming forward with a reasonable explanation for his or her active role in the decedent’s affairs. As the court noted in Carpenter, the precise nature of the explanation will vary depending on the facts giving rise to the presumption, and the sufficiency of the explanation to rebut the presumption will be for the trial judge to determine subject to review by an appellate court. When that burden is satisfied, the presumption will vanish from the case and the trial judge will be empowered to decide the case in accordance with the greater weight of the evidence without regard to the presumption. The court in Carpenter further noted, however, that since the facts giving rise to the presumption are themselves evidence of undue influence, those facts will remain in the case and will support a permissible inference of undue influence, depending on the credibility and weight assigned by the trial judge to rebuttal testimony.
We turn now to a consideration of the record to determine whether there was error in the finding of the trial judge that Lilly failed to rebut the presumption of undue influence, and also the finding that undue influence was proven even in the absence of the presumption. We find that Lilly provided a sufficient explanation and that, in the absence of the presumption, the overwhelming weight of the evidence established that the gift was a free and voluntary act.
The only evidence of the confidential relationship between Lilly and Hutchins was *214 Lilly’s testimony. The relationship was of a domestic and personal nature, but there is no indication that Lilly participated in obtaining the checks representing the gift in question. By way of explanation, Lilly testified that she spent evening and weekend hours with Hutchins, feeding and caring for him, because otherwise he had no one to render these services to him and could not take care of himself. Lilly’s agency supervisor also testified that Hutchins was in need of such services. Lilly further testified that she liked Hutchins and they became friends.
Lilly related that, following a conversation in which Lilly told Hutchins of the circumstances of her life and her hard work to care for her children, Hutchins offered to give her the money to “put a roof over the heads of you and the children.” Lilly further testified that Hutchins indicated he had already made gifts to his two children and felt free to make this particular gift to Lilly. He repeated on several occasions that this was his money and he could do with it as he pleased. Both the agency supervisor and the real estate agent corroborated the voluntariness of the gift. In his own handwriting, Hutchins wrote a statement for the agency supervisor affirming the gift and stating that the gift was so that Lilly would continue to give Hutchins his baths and treatment.[1] Even though at one point the agency supervisor tried to dissuade Hutchins from making the gift, Hutchins repeatedly insisted he wished to make the gift and stated to her, “Can’t you get it through your head that this is my money and I will do with it as I please?” Hutchins also told the agency supervisor that Hutchins’ daughter knew about the gift and approved of it. The real estate agent related several conversations he had with Hutchins in which Hutchins similarly expressed a clear intent to make a gift of the money to Lilly.
In the absence of any evidence whatsoever to contradict the testimony of Lilly, the agency supervisor and the real estate agent, we hold that the trial judge erred in finding undue influence. This case is reversed with instructions to enter judgment in favor of Lilly.
BOARDMAN, C. J., and GRIMES, J., concur.

. The trial judge also found that the gift by Hutchins was conditioned upon the further rendition of services by Lilly as well as repayment of the gift; however, we do not touch on those issues here, since this case was tried solely on the theory of undue influence.