379 So.2d 382 (1979)
Loye C. BRYANT et al, Appellant,
v.
Johnny L. BRYANT et al, Appellee.
No. OO-324.
District Court of Appeal of Florida, First District.
December 27, 1979.
Rehearing Denied February 20, 1980.
*383 Thomas W. Brown of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellant.
William R. Slaughter, II, Live Oak, Harry Reid, Sr. and Harry T. Reid, Jr., of Reid & Drury, Jasper, for appellee.
PER CURIAM.
J. Buford Bryant, since deceased, executed a warranty deed in January 1975 to his son, Johnny, conveying 318 acres of land for $79,500. The land was subsequently appraised at a fair market value of $145,150. The terms of the mortgage, moreover, allowed Johnny Bryant to pay an amount that was less than the yearly interest, so that the principal would never be paid out.
After decedent's death, appellants sued to cancel the deed. The trial court quieted title in appellee/Johnny Bryant, and this appeal followed. We reverse.
Buford Bryant was in poor health when he executed the deed and had been in the hospital 16 of the 19 days immediately preceding the transaction. He had been taking about a dozen different medications which could alter his mental ability. He was 71 years old and illiterate. Many of these facts were established by medical testimony. Just prior to the transaction, Johnny Bryant moved in to live with his father.
Here there was an obvious confidential relationship between the father and his son. That fact, as well as the inadequate consideration and medical testimony as to decedent's mental state, mandates reversal:
[I]nadequacy of consideration, coupled with such a degree of mental weakness as would justify the inference that advantage had been taken of that weakness, [would] furnish sufficient ground for equitable interference.
Douglas v. Ogle, 80 Fla. 42, 85 So. 243, 244 (1920). See Hartnett v. Lotauro, 82 So.2d 362 (Fla. 1955).
The beneficiary of a will is faced only with the burden of coming forward with a reasonable explanation for his actions vis-a-vis the decedent. In Re Estate of Carpenter, 253 So.2d 697 (Fla. 1971). This rule applies to transactions other than testamentary ones. Pate v. Mellen, 275 So.2d 562 (Fla. 1st DCA 1972); Majorana v. Constantine, 318 So.2d 185 (Fla.2d DCA 1975). Johnny Bryant, however, called only one witness, the attorney who handled the transaction for him. The attorney's statements amounted to no more than that, having talked briefly a few times to Buford Bryant, he thought the decedent knew what he was doing. In light of the confidential relationship, the inadequate consideration, and testimony by the treating physician that decedent displayed "continuing evidence of brain dysfunction" at the time the deed was executed, Johnny Bryant failed to meet his burden.
The trial court must also be reversed in part as to another of his rulings, which involved Buford Bryant's bank account. Four days before the deed was executed, decedent allowed Johnny Bryant's name to be added to his checking account, which at the time had an $18,000 balance. Over the next twelve months, decedent wrote one $6,000 check to Johnny Bryant, and the latter withdrew $15,000 himself.
The judge ordered Johnny Bryant to return the $15,000 he had withdrawn but allowed him to keep the $6,000 from the check decedent wrote. The trial judge was correct as to the $15,000, but erred regarding the $6,000; if decedent lacked mental capacity to execute the deed, he lacked capacity to change his bank account and write the check.
We reverse in part and remand to the trial court for proceedings consistent with this opinion. The deed should be vacated and the $6,000 returned, but the trial judge may consider whether Johnny Bryant is entitled to an offset for any payments he may have made for the property.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.