BASKIN, Judge.
Appellant Lucy Sparaga Meth, personal representative of the estate of David Spara-ga, seeks reversal of the summary judgment entered by the trial court. Appellant had requested the court to impose a constructive trust on funds removed by appel-lee from bank accounts he held jointly with decedent David Sparaga. Appellee removed approximately $62,000 from the joint accounts upon David Sparaga’s death.[1] The accounts were originally in David Sparaga’s name but were changed to joint accounts during the two-week period preceding the death of the 92-year-old hospitalized David Sparaga.
We agree with appellant’s contention that the close relationship between appellee and decedent and the active procurement of the joint accounts by appellee gave rise to a presumption of undue influence. In re Estate of Carpenter, 253 So.2d 697 (Fla.1971); In re Estate of Robertson, 372 So.2d 1138 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla.1980); Lee v. Patton, 359 So.2d 519 (Fla.3d DCA 1978), cert. denied, 367 So.2d 1125 (Fla.1979); Majorana v. Constantine, 318 So.2d 185 (Fla.2d DCA 1975). It was therefore incumbent upon appellee to rebut the presumption of undue influence before relying on the statutory presumption of section 659.291(1), Florida Statutes (1979).[2] Atlantic First National Bank of Daytona Beach v. Cripe, 389 So.2d 224 (Fla. 5th DCA 1980) (extending the principles utilized in establishing the validity of wills to attempts to set aside inter vivos gifts); see Briscoe v. Florida National Bank of Miami, 394 So.2d 492 (Fla.3d DCA 1981).
Because the presumption of undue influence presents issues of fact to be decided by the trier of fact, we reverse the summary judgment. In light of our ruling, we find it unnecessary to discuss the remaining issues on appeal.
Reversed and remanded for further proceedings.

. Appellee paid decedent’s bills from the funds he had removed.

. Section 659.291(1), Florida Statutes (1979) was renumbered section 658.56. Ch. 80-260, § 46, Laws of Fla.
659.291 Deposits and accounts in two or more names; presumption as to vesting on death.—
(1) Unless otherwise expressly provided in the signature contract card or other similar instrument delivered to and accepted by a bank in connection with the opening or maintenance of an account, including a certificate of deposit, in the names of two or more persons, whether minor or adult, payable to or on the order of one or more of them or the surviving account holder or holders, all such persons and each person depositing funds in any such account shall be presumed to have intended that upon the death of any such person all rights, title, interest and claim in, to, and in respect of, said deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank, shall vest in the surviving account holder or holders.
Subsection (2) limits subsection (1):
(2) The presumption herein created may be overcome only by proof of fraud or undue influence or clear and convincing proof of a contrary intent. In the absence of such proof, all rights, title, interest and claims in, to, and in respect of, said deposits and account and the additions thereto, and the obligation of the bank created thereby, less all proper setoffs and charges in favor of the bank against any one or more of such persons, shall, upon the death of any such person, vest in the surviving account holder or holders, notwithstanding the absence of proof of any donative intent or delivery, possession, dominion, control, or acceptance on the part of any person, and notwithstanding the provisions hereof may constitute or cause a vesting or disposition of property or rights or interests therein, testamentary in nature, which, except for the provisions of this section, would or might otherwise be void or voidable.