423 So.2d 368 (1982)
Maudie Mae JORDAN, Appellant,
v.
Essie Lee NOLL, Appellee.
No. AE-443.
District Court of Appeal of Florida, First District.
October 8, 1982.
Rehearing Denied January 4, 1983.
James R. Green of Levin, Warfield, Middlebrooks, Mabie & Magie, P.A., Milton, for appellant.
Donald H. Partington of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellee.
ERVIN, Judge.
Maudie Mae Jordan appeals the trial court's judgment cancelling and setting aside deeds of realty. We reverse.
Appellant's mother, Lillie Brantley, executed a deed on July 13, 1976, retaining a life estate in certain real property and conveying the remainder to appellant, one of her three living children. A second deed was executed July 27, 1976, in order to correct spelling in the earlier deed. Appellant began taking care of her mother's necessities in 1967. Appellant testified that *369 she cared for her mother when the two other sisters would not. To the contrary, the sisters testified that appellant turned their mother against them in an attempt to get the property. Mrs. Brantley suffered a stroke in 1979 and became incompetent. Appellee is the daughter and guardian ad litem of Mrs. Brantley.
Appellant contends that the trial court erred by failing to follow the requirements of In re Estate of Carpenter, 253 So.2d 697 (Fla. 1971), in considering the alleged procurement by appellant of the gift through undue influence.[1] The Carpenter test requires the court to consider the evidence in three steps: (1) whether the beneficiary enjoyed a confidential relationship with the grantor; (2) whether the beneficiary actively procured the instrument, and (3) if the second factor is positive, a presumption of undue influence arises placing upon the beneficiary the burden of giving a reasonable explanation for the active role in the affairs of the grantor.[2] If a reasonable explanation is provided, the presumption of undue influence disappears, but the burden of proof remains on the contestants of the deeds.
The record shows appellant admitted a confidential relationship with her mother, but her testimony denied active procurement. Appellant stated that she tried to discourage her mother from leaving her the farm. The attorney who handled the deeds stated that he carefully explained in detail the substance and consequences of the deeds to Mrs. Brantley and that she was alert and knew what she was doing.
Even so, a presumption of undue influence could reasonably have arisen because Mrs. Brantley had previously suffered mental disorientation, and the gift was made to the exclusion of the other daughters. Moreover, appellant took her mother to the attorney and was present when the deeds were signed. Appellant knew the contents of the deeds and kept them secret. See Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980); Bryant v. Bryant, 379 So.2d 382 (Fla. 1st DCA 1980); Carpenter, supra, 253 So.2d at 702. The record shows also, however, that the trial court did not consider the reasonableness of appellant's explanation for her active role in her mother's affairs. The explanation given by the daughter was reasonable, thereby dispelling the presumption. The evidence was uncontradicted that appellant's mother lived with her and depended on her after breaking a hip, and that the mother had mentioned leaving the property to appellant, but appellant repeatedly told her to wait. Moreover, the reason that appellant assumed an active role in her mother's affairs was simply because her sisters failed to do so. It was in fact appellant who continued to care for her mother three years after execution *370 of the deed, until her mother was afflicted by a stroke.
Once the presumption is dispelled, the judge must consider the evidence as a whole to determine if it is sufficient to support a finding of undue influence. Undue influence must amount to over-persuasion, duress, force, coercion, or artful or fraudulent contrivances to such a degree that there is a destruction of free agency and willpower. Williamson, supra, 379 So.2d at 697. The trial court's findings which are the basis of the finding of undue influence are not supported by the record. The court's conclusion that Mrs. Brantley's mental condition would not likely improve after her broken hip in 1974, and its complications, was contradicted by Dr. Batson, who further described her related mental disorientation as "not a permanent situation." Dr. Batson stated that he expected her mind to clear after she recovered from the injury. Dr. Holmes testified that it was entirely possible for Mrs. Brantley on the one hand to be unable to handle her affairs in 1975, but on the other hand to be perfectly alert in 1976, which contradicts the court's finding that "[w]hether or not Mrs. Brantley was incompetent when the deeds were executed in July, 1976, it is evident that her mental capacity was greatly impaired and that she did suffer considerable `mental weakness.'" Mrs. Brantley had not been hospitalized for thirteen months before the execution of the deed, and her doctors were unable to give a first-hand opinion as to her mental condition at the time of the execution. Further, the court's findings ignored the testimony of the attorney.
The final judgment does not exhibit a consideration of the reasonableness of appellant's explanation for her active role in her mother's affairs. Such omission was error. The record supports the conclusion that appellant's explanation was sufficient to rebut the presumption. Without the presumption, appellee did not present substantial, competent evidence in support of her burden of establishing undue influence. Accordingly, Mrs. Brantley's gift to her daughter should be given effect because it does not "clearly appear" that her exercise of free will was prevented. See Carpenter, supra, 253 So.2d at 704.
REVERSED.
McCORD, J., concurs.
SHAW, J., dissenting.
SHAW, Judge, dissenting.
I agree with the majority opinion insofar as it concludes that the presumption of undue influence was dispelled. Once the presumption disappears, the trial judge must then consider the evidence as a whole to determine if it is sufficient to support a finding of undue influence. The instant record reflects that the judge considered evidence that Mrs. Jordan enjoyed a confidential relationship with Mrs. Brantley and was active in procuring the deeds in question; that there was no consideration for the deeds; that Mrs. Brantley never expressed to anyone (except Mrs. Jordan) an intent to give the property to one child to the exclusion of others; that it was an unusual conveyance in that it was kept secret by the grantor and grantee; and that Mrs. Brantley suffered considerable "mental weakness." In reaching this latter determination, the judge relied upon the testimony of Dr. Batson and Dr. Holmes, who treated the claimant in 1974 and 1975. Both observed arteriosclerotic vascular disease. Dr. Batson described her condition as severe cerebral arteriosclerosis with dementia. In defining dementia, the doctor stated, "It means that she was demented and not mentally responsible. She was disoriented."
In my opinion, the findings and observations of the trial judge are supported by competent substantial evidence and afford a basis for his determination that the deeds in question were procured by the exercise of undue influence over one with impaired mental capacity. Even though a contrary inference can be drawn from the facts, it is not the province of this Court to substitute its judgment for that of the trial judge in absence of a clear showing that the trial *371 judge committed error or that the conclusions reached are erroneous. Shapiro v. State, 390 So.2d 344 (Fla. 1980); Delgado v. Strong, 360 So.2d 73 (Fla. 1978); and Hudson Pulp & Paper Corp. v. Butler & Co., 297 So.2d 103 (Fla. 1st DCA 1974). In conformity with my belief that the judgment on appeal is supported by competent substantial evidence and that the conclusions reached in light of that evidence are not clearly erroneous, I would affirm.
NOTES
[1] Carpenter involved the execution of a will, but later cases have applied the same principles to inter vivos gifts. Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975); Pate v. Mellen, 275 So.2d 562 (Fla. 1st DCA 1973) (on rehearing); Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980); Bryant v. Bryant, 379 So.2d 382 (Fla. 1st DCA 1980).
[2] We are aware of the recent Florida Supreme Court opinion in Cripe v. Atlantic First National Bank, 422 So.2d 820 (Fla., 1982), holding that the Fifth District Court incorrectly substituted its judgment for that of the trial court in part by holding that a presumption of undue influence arose in a transaction involving joint bank accounts. However, that case is distinguishable from the instant case on its facts and considerations. In Cripe, the trial court made no findings of fact or conclusions of law. The Fifth District reversed, concluding that the evidence had established facts giving rise to a presumption of undue influence and the defendants had failed to rebut the presumption. The supreme court held that the evidence did not establish a confidential relationship, thus a presumption of undue influence was not raised; however, even had the presumption been created, the defendants rebutted the presumption, as a consequence there was sufficient evidence to support the trial court's determination. Here, there is no dispute that a presumption was raised. Once the defendant comes forward with responsive evidence, the presumption ceases to exist. The evidence giving rise to the presumption may still be considered together with contrary evidence and may support a permissible inference of undue influence depending on the facts of each case. The record in the case before us lacks sufficient evidence to support a determination of undue influence as defined in Williamson, 379 So.2d at 697.