PER CURIAM.
This is an appeal from a final judgment on the issue of undue influence in a suit to set aside certain inter vivos transfers of assets. The action was brought on behalf of the estate of the deceased donor. We are considerably hampered in our efforts by the absence of a brief from appellee. We have reviewed appellant’s brief and the record on appeal and conclude that the trial court erred. The evidence showed the existence of a confidential relationship and active procurement resulting in financial gain on the part of appellee. The appellee offered no reasonable explanation for her conduct before the trial court and was further unable to explain how the assets transferred to her had been dissipated. Under the circumstances of this case we conclude that a presumption of undue influence arose in accordance with the principles enunciated initially in the case of In re Estate of Carpenter, 253 So.2d 697 (Fla.1971), as extended by the rationale of Majorana v. Constantine, 318 So.2d 185 (Fla. 2d DCA 1975) and Pate v. Mellen, 275 So.2d 562 (Fla. 1st DCA 1973). We conclude that the trial court did not properly apply this presumption and therefore vacate the final judgment and remand for further proceedings which may, in the discretion of the trial court, include the taking of further evidence.
REVERSED AND REMANDED.
ANSTEAD, BERANEK and HURLEY, JJ., concur.