HALL, Judge.
Daniel Ballard appeals from the final judgment which cancels the deed to his mother’s home, finding that the deed was procured through undue influence. We reverse.
Rebecca Coleman, the parties’ mother, owned two houses: her residence at 5707 Ola Avenue in Tampa, Florida, and a house, *1177 which she had inherited from her mother; on 310 West Henry Street. Since Mrs. Coleman’s son, Michael Ballard, the appel-lee, was having financial difficulties, Mrs. Coleman allowed him to live in the house on Henry Avenue and eventually transferred ownership of the property to him.
The appellant, Daniel Ballard, Mrs. Coleman’s other son, owned a house on 4416 Melton Avenue in Tampa; however, he deeded that house to his mother for tax purposes.
In early 1987, Mrs. Coleman prepared a deed form to have the Melton Avenue property transferred back to Daniel; however, she filled out the deed form incorrectly and, thereafter, asked Daniel to purchase additional deed forms and to fill out the form for her.
On March 4,1987, Mrs. Coleman drove to the bank where she was a regular customer, accompanied by Daniel, to have the deed witnessed and notarized. On that date, Mrs. Coleman also decided to execute a deed to her home on Ola Avenue to transfer the property to Daniel. After the deeds were executed and notarized, she gave both deeds to Daniel to be recorded. Daniel recorded the deed to the Melton Avenue property within a few days but did not record the deed to the Ola Avenue property until after his mother’s death.
Mrs. Coleman died of cancer in June 1987. Her will, which was executed in September 1986, devised the Ola Avenue house to Michael Ballard.
On February 2, 1988, Michael, as personal representative of his mother’s estate, brought an action against Daniel to have the deed to the Ola Avenue house cancelled on the grounds that Daniel had exercised undue influence in procuring the deed and that there was a lack of delivery of the deed because the deed had been executed in blank.
At his deposition and at trial, Mrs. Coleman’s brother, George Graham, testified that before his sister died he had spoken with her at least once a week and that, until she lapsed into a coma just before she died, she was clear minded and in full possession of her faculties. He stated that she was a strong-willed woman, who was not easily influenced by others.
Mr. Graham testified that his sister told him that she wanted each of her sons to inherit one of her houses. Specifically, she wanted Michael to have the Ola Avenue house because it was the most valuable of the houses and Michael was the most needy. She wanted Daniel to have the house on Henry Street, where Michael was living.
Mr. Graham further testified that Mrs. Coleman deeded the Ola Avenue property to Daniel to give him the necessary “leverage” to ensure that the exchange of properties would actually take place after her death.
Daniel testified that his mother drove the two of them to her own bank and asked him to fill out the necessary forms with the information she provided. He stated that he had extra deed forms in his briefcase at the time because he had some left over from transferring the Melton Avenue house and he thought they might be needed if the forms they filled out were not correct. He testified that he had no part in procuring the witnesses or the notary for the transaction, nor did he suggest to his mother that she should deed the Ola Avenue property to him. He further testified that he did not feel comfortable transferring his mother’s house to himself before his mother died, and therefore, he did not record the deed for several months.
Following the trial, the trial court can-celled the deed, finding that Daniel Ballard actively procured the deed and that “[t]he free use and exercise of the decedent’s sound mind was prevented by undue influence caused by the defendant as a result of this confidential relationship with the decedent.”
On appeal, Daniel argues that the trial court’s verdict was contrary to the manifest weight of the evidence. We agree.
As Daniel argues, a plaintiff who contests a conveyance on the ground of undue influence bears the burden of proof throughout the proceedings. In re Estate *1178 of Carpenter, 253 So.2d 697 (Fla.1971). If the plaintiff is able to establish that a confidential relationship existed between the beneficiary and the grantor and that the beneficiary actively procured the deed, then a presumption of undue influence arises placing upon the beneficiary the burden of giving a reasonable explanation for the active role in the affairs of the grantor. Carpenter; Jordan v. Noll, 423 So.2d 368 (Fla. 5th DCA 1983). The beneficiary does not have the burden of disproving undue influence, and if the explanation is reasonable, the presumption vanishes. The trial court must then determine whether the plaintiff has established undue influence by the greater weight of the evidence. Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980).
In the present case, the record shows that Daniel admitted having a confidential relationship with his mother but denied exerting any influence over her to execute the deed. He had a reasonable explanation for having deed forms with him when he accompanied his mother to the bank and for his delay in recording the deed to the Ola Avenue house.
In contrast, Michael admitted at trial that he did not actually know of any instance in which his brother had exerted any influence on his mother or whether the appellant had acquired the witnesses and the notary to execute the deed or whether the deed had actually been executed in blank or completed at his mother’s direction.
In addition, there was no evidence that Mrs. Coleman was incompetent to handle her own affairs or was susceptible to being unduly influenced by others. To the contrary, George Graham testified that Mrs. Coleman was strong willed and completely alert almost until the day she died and that she had voiced her intention to deed the Ola Avenue property to Daniel so that an exchange of property could be effectuated.
The record also shows that the trial court did not consider in the final judgment the reasonableness of Daniel’s explanation for aiding his mother in making the transfer.
We find that the presumption was dispelled by Daniel’s explanation for aiding his mother in the transfer of the property and that the trial court erred in finding that the greater weight of the evidence supported a finding of undue influence. “Undue influence must amount to over-persuasion, duress, force, coercion, or artful or fraudulent contrivances to such a degree that there is a destruction of free agency and willpower.” Jordan, 423 So.2d at 370, citing Williamson, 379 So.2d at 697.
Since the evidence fails to support the trial court’s findings of undue influence, the final judgment is reversed and Daniel Ballard’s deed to the Ola Avenue property is reinstated.
Reversed.
SCHEB, A.C.J., and THREADGILL, J., concur.